## BLANDING *v.* SARGENT.

| 33 | 239 |
| 69 | 361 |

The court cannot determine what are the limits, or whether there are any limits, of a place, not being a public corporation, described by its name only.

If, by its terms, or by reasonable construction, a contract not in writing can be fully performed within a year, although it can be done only by the occurrence of some improbable event, as the death of a person referred to, it is not within the statute of frauds.

If an agreement, not in writing, can be performed on one side within a year, though it cannot be on the other, it is not within the statute.

ASSUMPSIT. The declaration as amended was as follows:

"In a plea of the case for that heretofore, to wit, on the tenth day of April, A. D. 1850, at said Concord, the said defendant, in consideration that the plaintiff would buy of him the good will of the said defendant, in and to the business of a physician, which the said defendant was then and there conducting in connection with the plaintiff, at a place called Fisherville, lying in said Concord, and in Boscawen, in said county, and would pay him therefor the sum of two hundred dollars in five years, the defendant agreed to give up to the plaintiff the aforesaid business, and that he would do no more business as a physician at said Fisherville; and the plaintiff, relying upon the said defendant's promise and undertaking as aforesaid, then and there did purchase of the defendant the good will of the defendant in his said business of a physician, as aforesaid, at and for the said sum of two hundred dollars, to be paid in five years, as aforesaid; yet the said defendant, not regarding his promise and undertaking as aforesaid, has not retired from the practice and business of a physician at said Fisherville; but, on the contrary, has continued to do business at said Fisherville as a physician; whereby the plaintiff's said business has been materially diminished, and he has lost and been deprived of the great gains and profits which might and otherwise would have arisen and accrued to him, the said plaintiff.

Two other counts were in the same form, except that instead of "in five years," it was said "on demand" in the second, and "in five equal instalments of forty dollars each," in the third count.

To this declaration there was a demurrer, and the following causes of demurrer assigned :

1. That the contract set forth in the several counts is void for uncertainty, there being no such place as Fisherville known to the law.

2. That said contract is void for uncertainty, in not showing where the defendant agreed not to practice, &c., and in what place he agreed to give up business, and containing no limits within which the defendant was not to practice.

3. That the declaration aforesaid is uncertain, because it does not set forth the place in which the defendant is not to practice, and because there is no such place as Fisherville known to the law, and the limits within which the defendant agreed not to practice are not shown ; nor is it shown where and what were the limits of Fisherville.

4. Because the said declaration is in other respects uncertain, informal and insufficient.

It was agreed by the parties in this action, for the purposes of this case, that the contract set up by the plaintiff was by parol, and not in writing ; and if the fact that the plaintiff gave his notes for the consideration of the contract, should be deemed material, then this agreement is to be discharged, and the case to stand for the jury.

*W. H. Bartlett,* for the defendant.

I. The contract is void for uncertainty. There is no such place as Fisherville known to the law, nor is there any way of ascertaining the limits within which the defendant is not to practice. *Blanding* v. *Sargent,* Mer., December, 1854 ; Chit. Con., 8th ed., 72 ; 2 Pars. Con. 73.

Were it held that it could be rendered certain, the declaration is defective in not containing the averments requisite to certainty. 1 Chit. Pl. 236, 261, 303 ; Com. Dig., Pleader, C, 22 ; *Riley* v. *Vanpouton,* 4 How. Miss. 428 ; *Brown* v. *Jones,* 10 G. & J. 334 ; *Posey* v. *Hoit,* 12 Ala. 567.

The declaration should also set out where defendant practiced.

II. The contract is within the statute of frauds :

1. As set out in the first and third counts, it does not contemplate a payment till the end of five years ; and so, by the understanding of the parties, was not to be performed within one year. *Birch* v. *Liverpool*, 9 B. & C. 392 ; *Boydill* v. *Drummond*, 11 East 142 ; *Derby* v. *Phelps*, 2 N. H. 516.

Though the contract were to be wholly performed on one side within a year, if it was not also on the other it is within the statute. *Broadwell* v. *Getman*, 2 Denio 90.

2. An agreement not to practice is not to be performed within a year. *Tolley* v. *Greene*, 2 Sandf. Ch. 91; Chit. Con., 8th ed. 68, note.

It is not the intent of the parties that it should be completed within a year. They do not contract in contemplation of such an early decease. A mere contingency, that may happen within a year to terminate the contract, will not take the case out of the statute. *Birch* v. *Liverpool*, 9 B. & C. 392; *Harris* v. *Foster*, 2 Har'n 28 ; *Getman* v. *Getman*, 1 Barb. Ch. 514 ; *Hinkley* v. *Southgate*, 11 Vt. 430 ; *Izaid* v. *Middleton*, 1 Desaus. 116 ; 1 Eq. Dig. 573, 974.

Especially where such contingency is not legally within the control of the parties. It might as well be urged that a lease for life need not be recorded under section 4, of chap. 130, of the Revised Statutes, as that a contract for life need not be in writing, because the life may terminate in a year.

Such a construction is a mere quibbling evasion of the statute, that opens the door to all the mischiefs the act was designed to prevent.

The only reasonable construction of the statute is that we urge, and there is no reason the court should not resume the true construction.

The case of *Peters* v. *Campton* was decided by a divided court. *Holt* declined to follow it in *Smith* v. *Westall*, 1 Ld. Raym. 316. Yet the cases cited since rest on this ; and in many of them it is said, if the question were new, it would be decided differently.

*Bellows*, for the plaintiff.

Blanding *v.* Sargent.

The promise alleged is to give up to the plaintiff his business, and to do no more business, &c. The first part was to be performed at once ; the latter might be performed in one year, or not, according as defendant's life continued. The first is clearly not within the statute of frauds. As to the second point, we say that the statute extends only to cases where, by the express terms, or by necessary inference, it is not to be performed in one year: Anon., 1 Salk. 280 ; *Fenton* v. *Emblers,* 3 Burr. 1278. There the promise was to leave the plaintiff at the death of the promissor an annuity, and he lived after that three years. *Derby* v. *Phelps,* 2 N. H. 515 ; *Wells* v. *Horton,* 2 C. & P. 383, like the case of *Fenton* v. *Emblers ; Kent* v. *Kent,* 18 Pick. 569, which was an agreement that the party might cut certain trees on the land of another at any time within ten years. Held not within the statute. *Peters* v. *Westborough,* 19 Pick. 364 ; a contract to support a person a certain number of years. Held not within the statute, because, by the happening of a contingency, namely, his death, it might be performed within the year. *Blake* v. *Cole,* 22 Pick. 97 ; which was a case of a verbal promise to save a party harmless from his liability on a bond. Held, as it might be performed within a year, it was not within the statute. *Roberts* v. *Rackbottom Co.,* 7 Met. 46, an agreement to labor for five years, or so long as A shall continue to be agent for the company. Held not within the statute. *Lynscott* v. *McIntyre,* 3 Shep. 201. If the thing promised may be performed within the year, it is not within the statute. *Russell* v. *Slade,* 12 Conn. 435. The contract to render a year's service is not within the statute, as it may be performed within the year. So in *Moore* v. *Fox,* 10 Johns. 244, which was a promise to pay twenty dollars a year for the services of a preacher. Defendant had paid several years. Held not within the statute. *Lyon* v. *King,* 11 Met. 411, is exactly in point. An agreement not hereafter to engage in staging or livery stable business in S., is not within the statute, as it may be performed within the year ; and *Dewey,* J., says, it stipulates nothing beyond the defendant's life. *Ives* v. *Gilbert,* Root 89 ; (5 U. S. D. 73.) A

promise to pay for boarding defendant's son two years, is not within the statute of frauds. See Com. Con. 87, and cases cited ; *Peter* v. *Campton,* Skin. (326,) 356 ; *Lockwood* v. *Barnes,* 3 Hill. 128. Though the time of performance may arrive within a year, though it is highly improbable, it is not within the statute. See cases there cited, and in note *a,* page 130 ; *McLees* v. *Hall,* 10 Wend. 426 ; *Plympton* v. *Curtis,* 15 Wend. 336 ; *Wells* v. *Horton,* 4 Bing. 401. A promise by A that his executor should pay £10,000, is not within the statute. The language of the court in *Peter* v. *Campton,* Skin. 353, is quoted in this case. See *Lapham* v. *Whipple,* 8 Met. 59, and opinion of *Wilde,* J., p. 61. See 2 Pars. on Con. 316, 317, 318, note *y,* and cases collected ; 1 Smith's Lead. Cas., 5th ed., 432–8, note to *Peter* v. *Campton,* and cases cited at length ; Smith on Con., 3d ed., 142 ; Am. Notes, citing *Souch* v. *Strawbridge,* 2 M. G. & S. 808 ; 52 Eng. C. L. 808 ; *Archer* v. *Leh,* 5 Hill. 200 ; *Wells* v. *Horton,* 5 Bing. 401 ; *Thompson* v. *Gordon,* 3 Strob. 197.

The case of *Tolley* v. *Greene,* 2 Sandf., is not sustained by either English or American authorities. See 2 Pars. Con. 319, and cases, note *y.*

In the case at bar, all that was to have been done by one party might have been fully performed in one year, and even if the payment of the consideration was to be after one year, the contract is not within the statute. *Donellan* v. *Read,* 3 B. & Ad. 899 ; *Bracegirdle* v. *Heald,* 1 B. & Ald. 722 ; *Cherry* v. *Heming,* 4 Exch. 631, cited in 1 Smith's L. Ca., 5th ed., 433, 434, settles the English doctrine on this point.

But in this case the plaintiff contends that the payment of the consideration of the promise was secured by a promissory note, and provision is made for the trial of this question, should it become material. If it were so secured, it surely cannot be said that the promise was within the statute. It was given on good consideration, even if the promise to do no more business at Fisherville was within the statute. See *Lane* v. *Shackford,* 5 N. H. 130, where it is held that a parol agreement to convey

lands was not to be regarded as wholly void; the provision be-
ing merely that *no action* shall be maintained on such promise.
See also *Ayer* v. *Hawkes*, 11 N. H. 148.

So the voidable contracts of an infant are a good considera-
tion for the promise of another.

The contract is to be made operative if possible. Chitt. Con.
79, 80 ; 2 Pars. Con. 15, 16, notes *x* and *y ; Pugh* v. *Leeds*,
Cowp. 714; *Canning* v. *Pinkham*, 1 N. H. 353; *Bullen* v.
*Runnels*, 2 N. H. 258.

In this case, if the defendant's views are sustained the con-
tract is wholly inoperative.

It is true, there may be no such *political* division as Fisher-
ville ; but there *is*, nevertheless, a section of country known
and designated as Fisherville, and it is sufficiently certain for all
practical purposes.

In conveyances, writs of entry and ejectments, similar terms
are constantly used as descriptive of the subject matter of the
contract, or suit, as " my homestead farm," " the manor of A.,"
" the parish of B.," " the Indian Stream Territory," " Carlisle
Grant," " Crawford Purchase," " Barnet Common," " a moun-
tain," " a mill-site." In many or all these, the boundaries may
be difficult to prove, but that is for the jury. As in the case of
the " Homestead," " Common," " Hounslow Heath," " Sherwood
Forest," &c.

If the land itself will pass by such a description, it will surely
not be contended that any contract touching it is void for un-
certainty. *Cottingham* v. *King*, 1 Burr. 623.

If a place be named generally, that place will be taken and
intended to be a vill. 2 Salk. 501 ; Co. Litt. 5, *a ;* 5 Com.
Dig., Pleader, C, 20 ; *Moore* v. *Fletcher*, 4 Shep. 6.

It is enough that, in common parlance, there is a place known
as Fisherville. *Ditcham* v. *Chives*, 4 Bing. 706 ; *Burbridge* v.
*Jakes*, 1 B. & P. 225 ; *Bunn* v. *Gay*, 4 East 190. In this
case, London, in common parlance, includes several districts
which are not embraced within the limits of London proper, as
was formerly the case with Philadelphia. From what should

Blanding *v.* Sargent.

the one hundred and fifty miles in the case last quoted be reckoned ?

BELL J.* The court are in no situation to decide that Fisherville is not a good and sufficient description of a place in Concord and Boscawen, as alleged. Whether there is a place called by that name, where it is situate, what are its limits, if it has any, are matters of fact, to be determined by a jury upon such evidence as the parties may lay before them. It is in no sense a matter of law, of which a court can take judicial cognizance. What is included in a name descriptive of a place, not being a public corporation, is always matter for a jury. *Claremont* v. *Carleton,* 2 N. H. 373 ; Com. Ld. & Ten. 75 ; *Doe* v. *Burt,* 1 D. & E. 701, and see Peak Ev. 12 ; 1 Ph. Ev. 272 ; 1 Cow. & H., notes 241, &c. Upon the demurrer no exception can be taken on this ground.

It is admitted by the case, that the contract relied on by the plaintiff is by parol and not in writing. And the question then arises, whether, under the statute of frauds, any action can be maintained upon it. The language of the Revised Statutes (Comp. Laws 459, sec. 9,) is much the same in this respect as the Stat. 29 Car. 2, ch. 3, sec. 4, " to charge any person upon any agreement that is not to be performed within one year from the time of making it, unless the agreement, &c., shall be in writing," &c.

The authorities cited for the plaintiff have established elsewhere the rule that the statute does not apply to any contract, unless by its express terms, or by reasonable construction, it is not be performed, that is, is incapable in any event of being performed within one year from the time it is made.

If by its terms, or by reasonable construction, the contract can be fully performed within a year, although it can only be done by the occurrence of some contingency by no means likely to happen ; such as the death of some party or person referred

* PERLEY, C. J., and FOWLER, J., having been of counsel, did not sit.

to in the contract, the statute has no application, and no writing is necessary.

Though either of the parties may have it in his power to put an end to a contract within a year, yet, if independent of the exercise of such a power, the agreement cannot be performed within a year, it must be in writing.

If the agreement can be fully performed by either of the parties within the year, and it is so performed, the agreement of the other party is not within the statute, though it may be impossible to perform it within a year.

These decisions are almost equivalent to a repeal of this clause of the statute; but as they met the approval of the courts generally, and may be regarded as the settled construction of the statute, they may properly be considered as adopted by our legislature when the statute was reënacted.

When these principles are applied to the present case it is found not to fall within the statute, because it is evident that if the defendant had died within a year from the making of the contract, having kept his agreement while he lived, his contract would have been fully performed.

If the plaintiff, instead of a verbal agreement to pay two hundred dollars in five years, as the consideration of the defendant's contract, as might naturally be understood from the declaration, had agreed to give at once his notes for two hundred dollars payable in five years, and the notes were made accordingly, the whole contract might be valid without any other writing, on the ground that the agreement on one side was to be performed, and was performed, within a year.

It does not, however, seem to be material to show that to be the true state of facts, and it could not be done effectively without an amendment of the declaration.

*Demurrer overruled.*