## Moses C. Emery *v.* Frank Smith.

A contract to work for another two years, for one hundred dollars for the first year, and two hundred dollars for the second, is within the statute of frauds, as a contract not to be performed within a year—and a memorandum in writing is necessary.

Such a contract is not taken out of the statute by its performance on one side; but the party doing the work must resort to a *quantum meruit*, even if there has been part performance on the other side.

In a *quantum meruit* for such services, where the defendant insists upon the statute, the plaintiff may recover the value of those services; but the agreement is not admissible to affect the amount of damages.

Indebitatus Assumpsit, for labor and services. Writ dated Oct. 7, 1861. The plaintiff worked for the defendant as clerk in his store two years, commencing Oct. 5, 1858. This action was brought to recover the balance due for the second year's work. Subject to the defendant's exception, the plaintiff was allowed to testify that, a short time before Oct. 5, 1858, he made a parol agreement with the defendant, to work for him, and to receive $100 for the first year, and $200 for the second year, and that nothing was afterwards said about it.

The court instructed the jury that, if the parties understood, at the commencement of and during the second year, that the plaintiff was to receive $200 for that year's work, the amount to be paid was fixed by that understanding, and that the agreement made more than a year before the commencement of the second year, was evidence upon the question of what the understanding was; to which instruction the defendant excepted.

The jury returned a verdict for the plaintiff, which the defendant moved to set aside.

*Burns & Fletcher*, for plaintiff.

*Benton & Ray*, for defendant.

Bellows, J. The agreement, as stated in the case, was originally within the statute of frauds, because it was not to be performed within a year. On this point the authorities are clear. A contract for a year's service to commence some days hence must be in writing. *Bracegirdle* v. *Heald*, 1 B. & A. 722; 1 Smith's Lead. Cases *144, notes to *Peter* v. *Compton; King* v. *Welcome*, 5 Gray 41.

So when the agreement was for service at stipulated wages per year, increasing yearly for five years; *Giraud* v. *Richmond*, 2 M. G. & S. 835; 2 C. B. 835. So, of an oral contract to work for another, two years at $100.00; *Drummond* v. *Burrill*, 13 Wend. 307, or for seven years at stipulated wages.; *Shute* v. *Dorr*, 5 Wend. 204; *Squire* v. *Whipple*, 1 Vt. 69. So, of a contract to labor three years at a certain rate per day; *Tuttle* v. *Swett*, 31 Maine, 555. So, where the father agreed that his minor son should serve another five years, the father to be paid for board quarterly and a certain sum semi-annually for clothes money, increasing as the son grew older, in a suit on the contract to recover the fourth half yearly payment, it was held

that it was within the statute, and the action could not be maintained. *Hill* v. *Hooper* & *al.*, 1 Gray 131.

The same doctrine was applied to a contract to deliver a crop of hemp raised the present year and the two succeeding years at prices stipulated. *Holloway* v. *Hampton*, 4 B. Monroe Ky. 415. See *Browne on Frauds*, sec. 282. So it is held in respect to a contract for the payment of an annuity, although to be paid quarterly. 1 Smith's Lead. Cases *144, note to *Peter* v. *Compton*, citing *Sweet* v. *Lee*, 3 Man. & Gr. 452.

The next question is, whether the agreement is taken out of the statute by being performed on one side, that is, by performing the two years service. The provision of our statute of frauds, Rev. St. ch. 180, is like that of the 29 Car. 2, that no action shall be brought to charge a person on an agreement that is not to be performed in one year, unless in writing, &c. ; and the question at once arises whether this provision is to be so construed as to apply only to those cases where both sides are not to be performed in one year ; or whether an agreement is within the statute when one side is to be executed within the year and the other not.

Upon this question there is some conflict in the authorities both in England and the United States. The leading case in England to the point, that, when the contract on one side is fully completed within the year as the parties contemplated, it is not within the statute, is *Donellan* v. *Read*, 3 B. & Ad. 899. In that case, after a demise for a term of years at £50 per annum, it was orally agreed that the landlord should make certain improvements, and that the tenant should pay therefor the additional rent of £5 per annum—and after the improvements were made the tenant refused to pay the additional sum, and for this the suit was brought. It was held that this was not a contract which was not to be performed within a year, inasmuch as it was entirely performed in that time, as was the intention of the parties, founded on a reasonable expectation that it should be so ; and it is held to be distinguished from *Boydell* v. *Drummond*, 11 East. 142, in this, that in the latter the contract was not fully executed on either side in one year, nor was it expected to be. And the court put the case of a sale of goods to be paid for after one year, and assume that this would not be within the statute. A similar view seems to have been taken by Abbott, J. in *Bracegirdle* v. *Heald*, 1 B. & A. 722, though the question did not there arise.

In *Souch* v. *Strawbridge*, 2 C. B., 2 M. G. & S. 808, decided in 1846, Tindal, C. J., expressed the opinion that the consideration being executed the case was not within the statute, but the decision was not put upon that ground, and Coltman, J., expressed doubts about it. *Cherry* v. *Heming* & *Needham*, 4 Exch. 631, sustains *Donellan* v. *Read*, and it seems to have been understood by Barons Parke and Alderson that the statute did not include agreements which on either side were to be performed in one year. On the other hand, is the well considered case of *Boydell* v. *Drummond*, 11 East. 142, decided in 1809, and this lays it down, that the word "performed" in the statute, *ex vi termini*, must mean the complete performance or consummation of

the work, and that to hold that a part performance within the year, such as commencing a job that would require years to complete, would take the agreement out of the statute—would let in the very mischief which the statute was designed to prevent, and that was the trusting to fallacious memory the terms of an agreement to be executed at a distant period—and this conclusion, as suggested by Lord Ellenborough, was fortified by the fact that in the provision in respect to the sales of goods, · in another part of the same statute, part performance only, such as the acceptance of part of the goods, or payment of earnest, is made expressly to supersede the necessity of a memorandum in writing, while in respect to agreements not to be performed in a year, no such provision is made.

In our statute the same distinction is preserved, and it affords an argument of some weight against the doctrine of *Donellan* v. *Read*. Mr. Smith, in his note to *Peter* v. *Compton*, 1 Lead. Cases *144, urges against this doctrine an argument of great force, drawn from the fact that by numerous adjudged cases it is well settled that the word *agreement* in this section means what is to be done on both sides; *Wain* v. *Warlters*, 5 East. 10; *Saunders* v. *Wakefield*, 4 B. & A. 595; 1 Williams Saund. 211 N. C.; *Neelson* v. *Sanborne*, 2 N. H. 413; which hold that the note or memorandum of the agreement must, to comply with the statute, contain the agreement of both parties; while the doctrine of *Donellan* v. *Read* would construe the same word to mean the stipulations of one side only—and yet the words *such agreement* in the clause providing for a note or memorandum in writing, are obviously but a repetition of the term in the clause in respect to agreements not to be performed in one year, and can have no different meaning.

In the case of *Peter* v. *Compton*, Skin. 353, the agreement was, in consideration of one guinea, to pay the plaintiff so much money on the day of his marriage. It was held not to be within the statute because it might be executed within a year—not that it had been performed by being executed on one side. So in *Sweet* v. *Lee*, 3 Man. & G. 452, decided in 1841, the plaintiff, a publisher, sued the defendant on an agreement to prepare a law book for publication for which he was to receive £80 per annum for five years, and £60 yearly for the rest of his life. It was held to be within the statute, although defendant might have performed his part within the year. This is an authority at least against the position that if one *side* may be performed within the year, it is not within the statute.

In *Donellan* v. *Read*, and other similar English cases, much stress is placed upon the injustice of allowing a party to retain the fruits of such an agreement which has been executed by the other side, without making compensation; and in some cases it is left in doubt whether any thing more is intended than this, that if one side of the agreement be actually executed within the year an action may be maintained to recover compensation for it. That this may, in general, be done where the defendant has refused to go on with the contract, would seem to admit of no doubt; for in such case the law would raise a promise to pay for what has been thus received.

In this country, the authorities are also conflicting on the point under discussion. In *Holbrook* v. *Armstrong*, 1 Fairfield 31, it is held that the statute does not apply to sales of goods delivered within the year, but to be paid for after, upon the ground of the injustice of allowing the party to hold the goods without compensation, though at the same time it is held that a *quantum meruit* would lie if the suit on the special contract was defeated. A similar doctrine is recognized in several other States. *Johnson* v. *Watson*, 1 Geo. R. 348; *Rake Adm'r* v. *Pope*, 7 Ala. R. 161; *Suggett* v. *Cason*, 26 Miss. 221; *Ellicott* v. *Turner*, 4 Maryland R. 476.

On the other hand, the doctrine of *Donellan* v. *Read* has been rejected in numerous decisions of the American courts of the highest respectability and with a force of argument that commands our assent. In the notes of the American Editors of Smith 1 Lead. Ca., vol. 1, p. 143, it is said that "it has generally been held in this country, that, as the statute was meant to provide against the danger of allowing contracts to be proved by parol evidence at periods remote from the time at which they were made, it applies in all cases where the obligation or duty sought to be enforced could not be fulfilled within a year from its date, and that an oral promise for the payment of money or the performance of any other act at a greater distance than a year, is consequently invalid whether made upon an executed or executory consideration."

A similar conclusion seems to have been reached by Mr. Parsons in his work on Contracts, vol. 2, p. 320, and also by Mr. Browne in his work on Frauds, s. 286–291. In accordance with their views is the case of *Pierce* v. *Estate of Paine*, 28 Vt. 34, where it is laid down by Judge Redfield, that if the agreement on which the action is brought is not to be performed in one year no recovery can be had upon it at law, although that which furnished the consideration of such agreement was to be, and actually was, performed within the year. Such also is the doctrine of the New York courts; *Lockwood* v. *Barnes*, 3 Hill 128, *Broadwell* v. *Getman*, 2 Denio 87, where it is held that the agreement is an entire thing and when it cannot be completely executed on both sides within the year the case falls within the statute of frauds.

In *Thomas* v. *Dickinson*, 14 Barb. 90, it is held that full performance on one side and part performance on the other do not take the rest out of the statute. See also *King* v. *Brown*, 2 Hill 485. In Pennsylvania it has been held that a parol contract for the purchase of land is void although the purchase money has been paid. *Parker* v. *Wells*, 6 Whart. 153; 5 U. S. Dig. 68, sec. 924.

The same doctrine is recognized in Massachusetts. *Adams* v. *Townsend*, *Adm'r*, 1 Met. 483; and *Thompson* v. *Gould*, 20 Pick. 134. In both of these cases the whole consideration for the land had been paid.

In New Hampshire the same doctrine is held in *Lane* v. *Shackford*, 5 N. H. 130; and it is there held that it is a strong argument against admitting an exception on the ground that the agreement is partly executed, that no such exception is introduced into that section; although in the section relating to the sales of goods, passed at the same time,

such exception is expressly provided. The same argument, we think, applies with equal force to agreements not to be performed in one year. The principle, that performance, on one side, of an agreement for the sale of lands does not take it out of the statute, applies, for aught we can see, in its full force to agreements not to be performed in a year. In both cases the language of the provisions is the same, the agreement must be in writing, and the consideration stated therein, and we can perceive no reason for giving effect to part performance in the latter case, that does not apply to the former.

The cases are numerous which hold in general terms that an agreement is not taken out of the statute, except sales of goods, by part performance, unless in the case of a bill in equity for specific performance; and then, if there has been a part performance of such a character that a refusal to complete it would be a fraud upon the one so performing, relief will be given; but in law such contract cannot be enforced. *Lane* v. *Shackford* before cited.

Among the numerous cases which hold that part performance does not take a case out of the statute, are *Lane* v. *Shackford*, 5 N. H. 133; *Kidder* v. *Hunt*, 1 Pick. 328; *Pierce* v. *Paine*, 28 Vt. 34; *Herren* v. *Butters*, 20 Maine 119; *Norton* v. *Preston*, 3 Shep. 14; *Ham* v. *Goodrich*, 37 N. H. 185.

Upon a careful examination of all the cases within our reach, we are of the opinion that the execution of the agreement upon one side, whether partial or complete, does not take it out of the statute, but that a note or memorandum is necessary if any part of the agreement is not to be performed within a year.

The next question is, has the plaintiff any remedy, and if so what is it? Where the defendant has received a benefit from the part execution by the plaintiff of such a contract, and then refuses to complete his part of it, he may be compelled to answer for what he has so received, either by a *quantum meruit* or other appropriate remedy, but not by a suit at law on the contract itself. *Lane* v. *Shackford* before cited and cases. In *Ham* v. *Goodrich*, 37 N. H. 186, it was held that an agreement to convey land in consideration of services to be rendered is within the statute, and that in a *quantum meruit* for such services the value of the land did not fix the measure of damages, although it might be considered by the jury on that question with other circumstances; that it would be an evasion of the statute to hold the damages to be fixed, for it would be giving full effect to the agreement.

In the case before us there was oral evidence of an agreement to serve the defendant two years, the wages to be $100 for the first year and $200 for the second, and the jury were instructed, that, if during the second year the parties understood that the wages were to be $200, the amount would be fixed by that understanding, and that evidence of the agreement made at the commencement of the first year was evidence upon the question of what that understanding was. In effect, it was, if they found such an agreement, and that the services of the second year were done under it, in the understanding of both parties, they would be governed by it in fixing the damages. It will be observed that the only

evidence that the wages were understood to be $200 was the oral contract itself; and if that is to fix the amount the statute is evaded practically, and in all cases where one party has performed his side of the contract, the rule that part execution will not take the case out of the statute is virtually abrogated.

On this point we think that the doctrine of *Ham* v. *Goodrich* is decisive, and that the verdict here cannot be sustained without overruling that case.

In the *Earl of Falmouth* v. *Thomas*, 1 Cro. & Mees. 89, it was held under similar circumstances that to have the price regulated by the bargain would be in direct opposition to the statute. So is *King* v. *Brown*, 2 Hill 485; and see also *Hill* v. *Hooper*, 1 Gray 131.

With these views there must be

*A new trial.*