## PERKINS *v.* CLAY.

A contract in restraint of trade, but limited as to time, place, or persons, is not void upon grounds of public policy, but may be enforced.

C. sold to H. his cart and business as a butcher for the sum of $90, and agreed not to carry on the same business over the same route which he had formerly run so long as H. should want to carry on the business. Subsequently H. sold to P. the cart and business as butcher for the sum of $90; and C., in consideration that H. released him from his former agreement, entered into a parol agreement with P. that he would not carry on the same business over the same route for a period of two years. *Held*, that there was a sufficient consideration for the promise from C. to P., and that the agreement was not within the statute of frauds.

ASSUMPSIT, by Dearborn Perkins against Dearborn J. Clay, for a breach of an alleged contract made with the defendant, by which the plaintiff bought of the defendant his cart and business as a butcher, and the defendant agreed not to engage in the business again for two years.

The parties agree upon the following facts in this case, for the purpose of determining the questions of law arising thereon : Prior to the first day of May, 1868, the defendant had been engaged in the business of a butcher in Danbury. At that time, he made a bargain with one Horace W. Heath to sell him his meat-cart, tools, fixtures, and the good-will of the business, for the sum of ninety dollars ; and as a part of the same trade, he agreed with Heath that he would not again go into that business, in Danbury or vicinity, so long as he [Heath] wanted to carry it on, and run his cart over the same route which the defendant had formerly run. Heath about the same time sold out to the plaintiff. During the negotiations for the sale, the plaintiff declined to purchase unless he could have the benefit of the agreement of the defendant, in relation to his again going into business, the same as had been made with Heath. The defendant was consulted, and apprised of negotiations between the plaintiff and Heath; and thereupon it was agreed between the plaintiff, the defendant, and Heath, that the plaintiff should buy out Heath and pay him ninety dollars ; and the defendant agreed with the plaintiff that he would not carry on the business of a butcher,

nor put another cart upon the route aforesaid, for two years; and this suit is brought for the damage arising from a breach of said agreement.

No part of the agreement was ever reduced to writing.

*Barnard*, for the plaintiff.

*Norris*, for the defendant.

ISAAC W. SMITH, J. 1. Contracts in restraint of trade generally are void, upon grounds of public policy. Those limited as to time or place or persons have been regarded as valid, and are duly enforced. *Mitchel* v. *Reynolds*, 1 P. Wms. 181; *Alger* v. *Thacher*, 19 Pick. 51; *Homer* v. *Ashford*, 3 Bing. 322; *Pierce* v. *Woodward*, 6 Pick. 206. The contract declared on in this suit, falling within the latter class, is in that respect valid.

2. The second question for consideration is, Should the contract have been reduced to writing, and signed by the party to be charged thereby? The agreement is by parol. Clay agreed with Perkins that he would not carry on the business of a butcher, over the same route he had formerly run, for two years. At the time this agreement was made, Perkins paid to Heath the sum of ninety dollars as the consideration of this promise from Clay to Perkins, and of the sale by Heath to Perkins of the cart, tools, and good-will of the business. At the same time, Heath released Clay from a prior agreement to him. The consideration of the promise from Clay to Perkins having been paid at the time of the making of the promise, the agreement is not within the statute of frauds, as one required to be in writing, because not to be performed within one year; and so the agreement is also valid in this respect. *Blanding* v. *Sargent*, 33 N. H. 239.

For the same reason, the agreement of Clay with Heath, that he would not carry on the business of a butcher over said route so long as Heath wanted to carry it on, was in this respect valid, the consideration having been paid at the time the agreement was entered into.

3. The third question raised is, Was there any consideration for the promise? The release by Heath of Clay from his agreement with him would be a valid consideration for the promise from Clay to Perkins. *Stone* v. *Symmes*, 18 Pick. 467. In consideration that Heath then agreed to release him from his previous agreement with him, he entered into this new agreement with Perkins. If any benefit accrues to him who makes the promise, or any loss or disadvantage accrues to him to whom it is made, and accrues at the request or on motion of the promissor, although without benefit to him, in either case the consideration is sufficient to sustain assumpsit upon the agreement. *Sanborn* v. *French*, 22 N. H. 248; *Farmer* v. *Stewart*, 2 N. H. 100; *Willatts* v. *Kennedy*, 8 Bing. 5; *Bailey* v. *Croft*, 4 Taunt. 611; *Morley* v. *Boothby*, 3 Bing. 107.

It is not material whether the second agreement was or not a more

favorable one than the first to the defendant. The advantage which he received was a discharge from the performance of a valid agreement. It is open to argument, however, to show that the new agreement was more favorable to him than the old one. The agreement with Heath extended over an uncertain limit of time, determinable at the election of Heath, who might have terminated it in a few days or weeks, and it might have lasted many years, or during the life of Heath. It would seem to be a substantial advantage to Clay to be able to substitute for such an agreement one that would terminate at the end of a fixed and definite period, or in the comparatively short term of two years.

In the absence of fraud and mistake (of which there is no suggestion in this case), the courts cannot inquire into the *amount* and *adequacy* of the consideration. If the contract is fairly made, with the full under-- standing of all the facts, the " *smallest* spark " of consideration is sufficient. PERLEY, J., in *Sanborn* v. *French*, 22 N. H. 246.

It is enough if a slight benefit be conferred by the plaintiff on the defendant or a third person, or if the plaintiff sustain the smallest injury or inconvenience, or risk of injury or inconvenience, without benefiting the defendant or any other person. *Ib.* 248, and authorities there cited.

It is claimed by the plaintiff that some loss or disadvantage accrued to him from the agreement; and we think this position is correct. He suffered a loss equal to the sum of money he paid for Clay's promise or agreement. How much that was does not appear, but that it was something is clear, for he refused to buy of Heath unless he could have this agreement. In other words, he paid to Heath in money the consideration for this agreement, and Heath discharged Clay from his previous agreement.

4. But the defendant contends that this agreement is not founded upon a sufficient consideration, because no benefit accrued to him, or no loss was sustained by the plaintiff *at the defendant's request.* His position is, as we understand it, that the proposition for the arrangement which was entered into between these three men should have come from him ; that because they proposed the arrangement to him, it cannot be said to have been made at *his* request.

In actions upon the common money counts, a request to the defendant is material to be proved, for ordinarily no man can make himself the creditor of another by any act of his own, unsolicited, and purely officious. And in many cases a request is involved in the nature of the transaction. 2 Gr. Ev., sec. 107. It is not necessary for the plaintiff to prove an express assent of the defendant in order to enable a jury to find a previous request : it may be inferred. And so, too, a jury may infer a previous request, even contrary to the fact, on the ground of legal obligation alone, as in an action against a husband for the funeral expenses of his wife, he having been beyond seas at the time of her burial. *Ib.*, sec. 108.

The law will not imply both a request and a promise. If A voluntarily pays to C a debt due from B to C, A cannot enforce repayment

from B, because A cannot make himself a creditor of B without B's assent, for B may have good ground for preferring to be the debtor of C rather than A. But if A can prove either the request or the promise, the law will conclusively presume the other.

Wherever the defendant takes the benefit of an act, that is equivalent to a request—Judge Cushing's brief in *Chapin* v. *School Dist.*, 30 N. H. 29; *Bailey* v. *Croft*, 4 Taunt. 611, cited by the defendant in his brief, is a case directly in point. In that case, in order to facilitate the making of an agreement for which there was sufficient consideration between the plaintiff and a third person, the defendant, who received no benefit to himself by the agreement, became party thereto *upon the application of the plaintiff and the third person.* " Held, that as the agreement was such as the plaintiff would not have made unless the defendant had acceded, there was a sufficient consideration for the defendant's promise."

Upon the facts stated in the agreed case, the plaintiff is entitled to recover.

*Case discharged.*