Hillsborough,
June 2, 1931.

## George E. McCrillis *v.* American Heel Co.

166

*Hamblett & Hamblett* (*Mr. Robert B. Hamblett* orally), for the plaintiff.

*Thomas J. Leonard* and *Cobleigh & Cobleigh* (*Mr. Marshall D. Cobleigh* orally), for the defendant.

ALLEN, J. If by the contract more than a year was required to perform it, the statute of frauds is a defence. A contract calling for a year of employment not to commence until a time subsequent to the date of the contract must be in writing, and there was evidence tending to show a contract with such a term. And performance in part or in full does not make an unenforceable contract enforceable. *Emery* v. *Smith*, 46 N. H. 151; *Webster* v. *Blodgett*, 59 N. H. 120; *Smith* v. *Phillips*, 69 N. H. 470.

The position that the parties made subsequent oral contracts while the year of service was under way is not well taken. The most that the evidence tends to show is that the defendant agreed to have the original contract put in written form. No new contract was contemplated. At best an oral contract was orally acknowledged during its performance. It remained within the statute.

It is also argued that the principle that equity will grant relief from fraud resulting from the enforcement of the statute, may be invoked. In support of the argument it is said that the plaintiff "radically changed his position, surrendered a means of earning his living and moved to another city." If it may be assumed that the situation given up was of profit and advantage, yet to entitle one to equitable

relief he must show undue benefit to the other party as well as detriment to himself. The defendant must have something which it is not right in equity for him to retain. In *White* v. *Poole*, 74 N. H. 71, it was not alone the donee's change of plans at the owner's request that sufficed to give her relief, but in addition the benefit that the owner received therefrom. As the benefit could not be restored, the donee of the property was equitably entitled to it.

Furthermore, when relief is granted to prevent fraud or hardship, it is not in awarding damages for breach of the contract. It is either of specific performance, of damages for the equivalent of performance when performance is impossible, or of restoration of the benefit the defendant has received. The principle of relief is not of estoppel against pleading the statute. Equity must recognize the statute equally with common law. To assert a statutory right cannot be made wrongful by equity, any more than by the common law. Rights arise out of a situation of which the contract is a part; and in reality it is not the contract of which performance is enforced, but an obligation established as the result of the contract and action under it of, which the defendant has received the benefit. It is because of the hardship or fraud brought about because the statute makes the contract unenforceable that the equitable right arises. The statute is not disregarded, but equity relieves against its unintended consequences when they amount to a wrong under equitable principles.

In cases of real property the purchaser's relief is only to obtain what equitably belongs to him. He may not instead elect to be awarded damages for breach of the oral contract. He may recover the price paid because it is a wrong for the defendant to retain it without conveying the property. But he may not recover by way of damages for the loss of his bargain. When the obligation to convey does not arise on account of extraneous matters, such as the seller's lack of title, or, as usually stated, when specific performance is impossible, damages may be awarded giving the equivalent in value of what performance, if it could be had, would give. This is the value of the equitable right which the plaintiff should have had, and not damages for the non-performance of an unmaintainable contract.

If relief from the consequences of the statute extends to cases other than of real property, it is not given in a case of services to be performed. Specific performance of contracts of service is not ordinarily decreed. Williston, Cont., (1st *ed.*), *s.* 1423; Pomeroy, Eq. Jur., (4th *ed.*), *s.* 1402 *n.* For rendering the service, in part or in full, recovery may be had for its value. And payment in advance for serv-

ices not rendered may be recovered. But for refusal to accept service there is no more liability than for refusal to render it. No hardship not intended to be imposed by the statute therefrom results. Beyond the service actually rendered, for which there is a quasi-contractual liability, the defendant receives no benefit.

The case presents the procedural question whether the defendant adequately protected its rights to rely on the statute as a defence. It sought to raise the issue by moving at the close of the evidence to plead the statute, and it excepted to the denial of the motion. It is claimed, first, that the exception is inherently without merit, and second, that the defendant lost the benefit of it.

In an action based on a contract required by the statute to be in writing, the authorities appear to be in conflict upon the point whether the defence of the statute may be made under the general issue or whether it must be specially pleaded. 27 C. J. 369, 370; 49 L. R. A. (N. S.) 11-28. But a special plea cannot be necessary when the contract as declared on is not within the statute. Such a plea would be demurrable because the oral character of the contract would not affect its validity. This is the situation here. Both the original and amended declarations are definite in alleging a contract outside the statute. The defendant could not be barred from the defence of the statute merely because it failed to file an improper plea at the outset of the trial.

The contract entered into was oral. During the trial the evidence introduced was such as to produce the issue of the statute as a defence. From the evidence the contract might be found to contain the terms declared on, and hence make the action maintainable, or it might be found to have other terms so as to require it to be in writing, and hence defeat the action. Clearly, at the close of the evidence the defendant was entitled to a verdict if the contract was found to be within the statute.

It endeavored to protect its rights in this respect. If the motion to plead the statute was an unnecessary step in obtaining the protection, yet it was not so regarded by the court and parties. It was taken under advisement. Until it was passed upon, the defendant was barred from further action with reference to the statute. A preliminary question was understood to be presented by the objection to the motion, as to whether the statute should have been specially pleaded at the outset of the trial. Until the court made its ruling, the defendant might only wait. It made ineffectual effort to obtain a determination of the issue by its request for special questions to be submitted

to the jury. They were submitted, but on the ruling that the answers would be merely for the court's consideration, because the statute "so far" was not in the case.

This ruling, implying that the issue of the statute would not be submitted to the jury, necessarily meant that if the motion should be granted, either the court would pass upon the issue or the jury's verdict, if for the plaintiff, be set aside. While the procedure was strange and somewhat bewildering, it could only lead to one of these alternatives if the defendant were held to have the right to present the issue. The case being submitted to the jury in advance of a ruling on the motion, a grant of the motion would come too late to permit the jury to decide the issue. To such a treatment of the issue neither party objected. Whatever subsequent course was contemplated, it was understood that the defendant's right to interpose the statute as a defence depended upon and must await the determination of the motion to plead it. By the law of the trial it was made the test of the right. That the defendant's right to avail itself of the statute as a defence was to be determined by its motion and that the motion was not waived by its acceptance of the charge, is not doubtful.

The court has found as one reason for denying the motion that there were other defences to the action and until the evidence was closed no notice was given that the statute would be a defence. The reason is inadequate. All defences under the general issue were available and by that plea the court had notice of them. In any event, when specific notice is not requested, there is no duty to bring to the court's attention the particular items of defence which are intended to be, and properly may be, relied upon under that issue.

As another reason for the denial of the motion, the court has found that it came too late to permit the jury to be properly instructed. This reason is also insufficient. If instead of making the motion the defendant had requested instructions relative to the statute, it would have been the court's duty to consider and act upon them. Requests made before the arguments and charge are always in order, and the court may take such time as he needs to consider them. The motion stood in no different situation. It was the method adopted and accepted to have the statute considered in its bearing on the defendant's liability.

The failure to except to the charge was not a waiver of the motion. It remained undecided and the defendant's rights remained protected by it. Upon a verdict for the plaintiff the defendant had either the right that the court should decide the issue of the statute or that the

verdict should be set aside. The motion should have been granted and the exception to its denial is sustained. And since the answers to the special questions submitted to the jury were only for "the court's benefit for consideration," the new trial is not to be limited. Justice cannot require it.

The defendant excepted to the admission of an unsigned contract for the plaintiff's service. Its officers, as the plaintiff testified, accepted it as correctly stating the terms of the contract entered into. The propriety of its use to show such terms is manifest. *Wallace* v. *Goodall*, 18 N. H. 439, 455.

The plaintiff was employed to be the superintendent of the defendant's factory. One defence for discharging him was unsatisfactory work. To impeach his testimony and to prove this defence, letters from two purchasers of the product of the factory complaining about it were offered in evidence. Conceding that it was discretionary to exclude the letters for purposes of impeachment, they would appear to be necessarily admissible for the purpose of proving the defence. The evidence already introduced tended to prove that the plaintiff had been told of the complaints, was shown the letters, and said he would make effort to do better. Hence it might be found that the complaints had merit and were true. They related to the character of the plaintiff's work and had bearing on the defendant's reasonable dissatisfaction with it. Whether, in connection with the other evidence on the issue, they were serious and numerous enough to show such dissatisfaction, was for the jury's consideration. On the record it cannot rightly be said that they were of too slight bearing on the issue or "require too much evidence to explain them" to make their admission discretionary. Since their truth might be found, they were directly relevant on the issue of the plaintiff's competency. "When relevant evidence has such force and weight as necessarily to be of aid to the trier, it is necessarily admissible." *Daley* v. *Insurance Co.*, 81 N. H. 502, 506.

*New trial.*

All concurred.