Carroll
No. 94-092

ROBERT MCINTIRE D/B/A Hillside Machine

v.

CATHERINE WOODALL

September 22, 1995

*Devine, Millimet & Branch, P.A.*, of Manchester (*Ovide M. Lamontagne* and *Alexander J. Walker, Jr.* on the brief, and *Mr. Lamontagne* orally), for the plaintiff.

*James R. Patten, P.A.*, of Wolfeboro Falls (*James R. Patten* on the brief and orally), for the defendant.

THAYER, J. The plaintiff, Robert McIntire d/b/a Hillside Machine, appeals the decision of the Superior Court (*Fitzgerald*, J.) granting the defendant, Catherine Woodall, a continued sales commission. We affirm.

In May 1987, the defendant approached the plaintiff offering to bring him business. The plaintiff agreed to pay the defendant a ten percent commission on sales resulting from her efforts. In July 1987, the defendant provided the plaintiff with plans from Varian Extrion (Varian), a Massachusetts company. The plaintiff bid on the plans and was awarded a contract with Varian to manufacture machined parts. The plaintiff paid commissions to the defendant based on sales to Varian until May 1989. In April 1989, the plaintiff informed the defendant that unless she produced other accounts he would terminate her association with the company. In May of that year, he informed the defendant that he was reducing her commission to eight percent. The total amount of the commissions paid to the defendant was $39,413.66. Eventually, plaintiff's counsel informed the defendant that no further payments would be forthcoming. Finally, the plaintiff filed a petition for declaratory judgment, asking the court to rule that the agreement between the parties was governed by New Hampshire law and that the plaintiff lawfully terminated his relationship with the defendant. The defendant filed a counterclaim, requesting a ruling that she was entitled to her full ten percent commission for the life of the Varian account. In response, the plaintiff raised the statute of frauds, RSA 506:2 (1983), as a defense to the enforcement of any agreement between the parties.

Following a jury-waived trial, the trial court found that: (1) the plaintiff made an offer to the defendant to enter into a unilateral

contract; (2) the defendant accepted the offer when she brought the plaintiff the Varian account; (3) the defendant fully performed her obligations under the contract by bringing the plaintiff the Varian account; (4) an oral contract existed between the parties; (5) the terms of the contract required the plaintiff to pay the defendant ten percent of all sales to Varian for the life of the account; and (6) the oral contract did not fall within the statute of frauds because of the defendant's full performance of her obligations under the contract, and because the contract could be fully performed within one year without breach by either party.

On appeal, the plaintiff argues that the trial court erred as a matter of law in ruling that the contract was outside the scope of the statute of frauds. Additionally, the plaintiff argues that his due process rights were violated because the notice he received regarding the hearing was faulty.

■ We will first address the plaintiff's due process claim. The plaintiff argues that the notice he received prior to the trial court hearing did not adequately apprise him of the court's intention to hear testimony and decide issues of fact. Assuming, *arguendo*, that the plaintiff is correct regarding the notice, he will not prevail on his due process claim absent a showing of actual prejudice. *See, e.g., State v. Weeks*, 137 N.H. 687, 697, 635 A.2d 439, 446 (1993) (defendant must show actual prejudice before court will evaluate due process claim); *Petition of Blake*, 137 N.H. 43, 48–49, 623 A.2d 741, 744 (1993) (no due process violation where a continuance would have cured any prejudice). The plaintiff has failed to make such a showing. There is no evidence that the plaintiff objected to the introduction of testimony at the hearing. The trial court offered the plaintiff the opportunity to present additional evidence at the time of the hearing, which the plaintiff declined. Any alleged prejudice could have been cured by a timely objection, acceptance of the trial court's offer, or a request for a continuance. The plaintiff's failure to take these actions precludes a finding of actual prejudice. *Cf. Petition of Blake*, 137 N.H. at 48–49, 623 A.2d at 744 (petitioner not prejudiced where a continuance would have cured any lack of notice).

The plaintiff also argues that the trial court erred as a matter of law in finding that the parties' agreement was beyond the scope of the statute of frauds. The plaintiff does not challenge the trial court's factual findings. Therefore, we will only reverse if the trial court improperly applied the statute of frauds to its findings. *Tsiatsios v. Tsiatsios*, 140 N.H. 173, 176, 663 A.2d 1335, 1338 (1995).

RSA 506:2 (1983) provides that "[n]o action shall be brought . . . upon any agreement . . . that is not to be performed within one year

from the time of making it, unless such promise or agreement . . . is in writing and signed by the party to be charged." It is uncontested that the agreement in this case was oral and therefore would be subject to the statute of frauds unless it falls within some exception to the rule. The trial court ruled that the agreement was not subject to the statute of frauds because (1) the defendant had fully performed her obligations under the contract, and (2) it was a contract that could be performed within one year without breach by either party.

The plaintiff argues that the trial court erred in applying the "full performance" exception to the statute of frauds because that exception is not recognized under New Hampshire law. The plaintiff correctly notes that we have previously stated that "the execution of the agreement upon one side, whether partial or complete, does not take it out of the statute, but that a note or memorandum is necessary if any part of the agreement is not to be performed within a year." *Emery v. Smith*, 46 N.H. 151, 155 (1865); *see also McCrillis v. American Heel Company*, 85 N.H. 165, 166, 155 A. 410, 411 (1931). However, we also have case law that arguably adopts the rule of full performance. *See, e.g., Perkins v. Clay*, 54 N.H. 518, 519 (1874); *Blanding v. Sargent*, 33 N.H. 239, 246 (1856). We have carefully reviewed these cases and find that they are distinguishable. Both *Emery* and *McCrillis* involved situations where neither party fully performed within a one-year period. In *Perkins* and *Blanding*, however, one party fully performed his obligations within one year from the date of the contract. If an "agreement can be fully performed by either of the parties within the year, *and it is so performed*, the agreement of the other party is not within the statute, though it may be impossible to perform it within a year." *Blanding*, 33 N.H. at 246 (emphasis added). If, however, neither party fully performs *within* the *one-year* period, even though he or she may fully perform at some later time, the contract is within the statute. *Emery*, 46 N.H. at 155; *McCrillis*, 85 N.H. at 166, 155 A. at 411. This rule serves the goals of the statute of frauds, which include promoting certainty and protecting against fraud and perjury, 72 AM. JUR. 2D *Statute of Frauds* § 7 (1974); *see Weale v. Massachusetts Gen. Housing Corp.*, 117 N.H. 428, 431, 374 A.2d 925, 928 (1977) (discussing the statute of frauds for land sale contracts), while preventing the harsh and inequitable results that could result from rigid enforcement of the statute, *see Weale*, 117 N.H. at 431, 374 A.2d at 928; *see also Tsiatsios*, 140 N.H. at 176, 663 A.2d at 1338 (part performance may remove a land sale contract from the statute of frauds).

■ The defendant fully performed her obligations under the contract when she provided the plaintiff with plans from Varian, which resulted in a contract for the plaintiff. The trial court, therefore, did not err in ruling that enforcement of the agreement was not barred by the statute of frauds. The judgment of the trial court is affirmed.

*Affirmed.*

All concurred.