NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by email at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: https://www.courts.nh.gov/our-courts/supreme-court

THE SUPREME COURT OF NEW HAMPSHIRE

———————————————

9th Circuit Court-Nashua Family Division
No. 2022-0517

IN THE MATTER OF DANA ALBRECHT AND KATHERINE ALBRECHT

Submitted: June 29, 2023
Opinion Issued: July 25, 2023

Dana Albrecht, self-represented party, by brief.

Welts, White & Fontaine, P.C., of Nashua (Michael J. Fontaine and Israel F. Piedra on the brief), for the respondent.

DONOVAN, J. The petitioner, Dana Albrecht, appeals an order of the Circuit Court (Rauseo, J.) denying his post-final-divorce-decree motion alleging that the respondent, Katherine Albrecht, was in contempt of the parties' parenting plan. We affirm.

We briefly summarize the procedural history of the case. The parties divorced by final decree (DalPra, M., approved by Introcaso, J.) in 2018. We upheld the final decree following the petitioner's appeal challenging certain aspects of the property division. See In the Matter of Albrecht & Albrecht, No. 2018-0379 (N.H. March 14, 2019). The trial court had earlier bifurcated the proceeding and, in September 2017, had entered a final parenting plan (DalPra, M., approved by Quigley, J.). Neither party timely appealed the parenting plan. See Germain v. Germain, 137 N.H. 82, 84 (1993) (holding that,

when a trial court bifurcates a divorce and decides some, but not all, issues, that decision is a final "decision on the merits" under Supreme Court Rules 3 and 7).

On November 1, 2019, the petitioner filed an ex parte motion alleging that the respondent was in contempt of the parenting plan's joint decision-making provision and a provision requiring each parent to promote a healthy and beneficial relationship between the other parent and the parties' then-minor children (November 2019 contempt motion). The petitioner claimed that the respondent had violated the parenting plan by, among other things, removing the children from school a few days early for a week-long vacation without first notifying him. On November 1, 2019, the Trial Court (DalPra, M., approved by Leary, J.) denied the request for ex parte relief, and stated that it would schedule the "case . . . in the ordinary course."

For reasons that are not clear from the record, the trial court did not schedule the November 2019 contempt motion for a hearing or otherwise rule on it until 2022. In the meantime, numerous other post-divorce disputes and collateral proceedings arose between the parties. On June 27, 2022, the petitioner moved to have the November 2019 contempt motion considered at a hearing that had already been scheduled to occur three days later on several other motions. Although the Trial Court (Rauseo, J.) gave the petitioner some leeway to discuss the November 2019 contempt motion at the June 30, 2022 motions hearing to the extent that he claimed it pertained to another pending matter, it did not grant his request to have the November 2019 contempt motion heard at the scheduled hearing, or otherwise schedule the motion for a hearing. Instead, the trial court denied the November 2019 contempt motion without a hearing on July 22, 2022.

In denying the November 2019 contempt motion, the trial court first noted that the petitioner had not requested a hearing in the motion itself. The trial court then observed that most of the relief requested by the November 2019 contempt motion had become moot by the passage of time or subsequent developments. With respect to the petitioner's claims that the respondent was in contempt of the parenting plan, the trial court found that, based upon the allegations in both the November 2019 contempt motion and the respondent's objection, the respondent had not willfully violated the parenting plan by taking the children on a week-long vacation without consulting the petitioner. The trial court observed that the respondent and children, at that time, were coping with the recent death of a close family member, and that the respondent had made appropriate arrangements with the children's school for the vacation. Such conduct, according to the trial court, violated neither the joint decision-making provision nor the provision requiring the parties to promote healthy relationships between the children and the other parent. It is from the July 22, 2022 order denying the November 2019 contempt motion, and an

order denying the petitioner's motion to reconsider that order, that the petitioner filed the present appeal.

The trial court's contempt power is discretionary; the proper inquiry is not whether we would have found the respondent in contempt, but whether the trial court unsustainably exercised its discretion by not doing so. In the Matter of Ndyaija & Ndyaija, 173 N.H. 127, 138 (2020). To establish that the trial court exercised its discretion unsustainably, the petitioner must demonstrate that the court's ruling was clearly untenable or unreasonable to the prejudice of his case. See Holt v. Keer, 167 N.H. 232, 239 (2015). This standard of review means that we review the record only to determine whether it establishes an objective basis that is sufficient to sustain the trial court's discretionary judgment. In the Matter of Kurowski & Kurowski, 161 N.H. 578, 585 (2011).

The issues raised by the petitioner in his November 2019 contempt motion were limited in scope. On appeal, however, he raises several arguments that were not included in his November 2019 contempt motion. Specifically, he challenges decisions on other post-final-decree motions and in a collateral proceeding between the parties, and challenges the conduct of certain judicial officers under the Code of Judicial Conduct in, or related to, some of those matters. To the extent that the petitioner raised these arguments in his motion to reconsider the trial court's order denying the November 2019 contempt motion, the trial court was well within its discretion to deny reconsideration given the lack of any direct relationship between these issues and the November 2019 contempt motion. See Lillie-Putz Trust v. Downeast Energy Corp., 160 N.H. 716, 726 (2010) ("Whether to receive further evidence on a motion for reconsideration rests in the sound discretion of the trial court."); Mt. Valley Mall Assocs. v. Municipality of Conway, 144 N.H. 642, 654-55 (2000) (holding that the trial court acted reasonably and within its discretion by declining to address new issue raised in a motion for reconsideration). Otherwise, the arguments are not properly before us as part of this appeal from the denial of the November 2019 contempt motion, and we decline to address them further.

The petitioner first argues that Supreme Court Rule 7(1)(B), which operates together with Supreme Court Rule 3 to classify this appeal as a discretionary appeal, is contrary to RSA 458-A:35 and :39 (2018) because, he claims, those statutes provide an absolute right of appeal. We note, however, that we accepted this appeal, thereby rendering the issue moot. See In the Matter of Routhier & Routhier, 175 N.H. 6, 19 (2022).

The petitioner next raises several arguments challenging the trial court's delay in ruling on the November 2019 contempt motion, and its decision to rule on the motion without a hearing. Specifically, he argues that the language in RSA 461-A:4-a requiring that a motion for contempt of a parenting plan be

3

"reviewed" by the trial court within thirty days entitled him to a hearing on the November 2019 contempt motion within thirty days of when he filed it. He further argues that the lengthy delay in ruling on the motion violated several provisions of the State and Federal Constitutions.

At the outset, we acknowledge the delay by the trial court in deciding the November 2019 contempt motion. Based upon the record before us, it appears that the trial court's docket contains more than two hundred entries between the filing of the November 2019 contempt motion and its decision, and that, when the petitioner did bring the trial court's failure to rule on the motion to its attention on June 27, 2022, it decided the motion within thirty days. The volume of pleadings in this case suggests that the trial court may have overlooked the motion. Nevertheless, the record contains nothing that would excuse the trial court's failure to rule on the motion for more than two and a half years.

Notwithstanding the trial court's delay in ruling on the motion, it is the petitioner's burden to establish reversible error. See Gallo v. Traina, 166 N.H. 737, 740 (2014). Within the context of a non-criminal appeal, this generally requires the appealing party to demonstrate how the alleged error affected the outcome of the case, regardless of whether the error is grounded upon a constitutional or statutory right. See Appeal of Ann Miles Builder, 150 N.H. 315, 320 (2003) (stating that a judgment will not be disturbed for an error that did not affect the outcome below or cause the appealing party injury); McIntire v. Woodall, 140 N.H. 228, 230 (1995) (stating that a party will not prevail on a due process claim absent a showing of actual prejudice).

Here, even if we assume, without deciding, that the trial court's obligation under RSA 461-A:4-a to "review" the November 2019 contempt motion within thirty days entitled the petitioner to a hearing, or that the delay was so excessive that it violated his constitutional rights, we conclude that the petitioner has failed to establish prejudicial error. We are unpersuaded by the petitioner's argument that the circumstances surrounding the November 2019 vacation amounted to "parental alienation" and violated the parenting plan's healthy-and-beneficial relationship or joint decision-making provisions. Accordingly, the record before us does not support a finding that the outcome would have been different had the trial court held a hearing on the motion or decided it within a reasonable period of time. See Ann Miles Builder, 150 N.H. at 320.

Finally, the petitioner argues that the trial court erred by denying his motion for reconsideration on the basis that it exceeded ten pages. See Fam. Div. R. 1.26(F). He asserts that the trial court should have waived the ten-page limitation for good cause. See Fam. Div. R. 1.2. Although the trial court denied the motion on the basis that it violated the ten-page limitation of Family Division Rule 1.26(F), the court alternatively denied the motion on its merits,

4

finding that, based upon the court's review of the motion and the objection to it, the court had not overlooked or misapprehended any point of fact or law. See Fam. Div. R. 1.26(F).  Based upon our review of the motion and the record, we cannot conclude that the trial court unsustainably exercised its discretion by denying the motion on its merits.  See Mt. Valley Mall Assocs., 144 N.H. at 654; cf. Koor Communication v. City of Lebanon, 148 N.H. 618, 624 (2002) (upholding trial court decision because the trial court had set forth alternative grounds for its decision and the appealing party had challenged only one of those grounds on appeal).

Issues raised for the first time in the petitioner's reply brief are waived. See Panas v. Harakis & K-Mart Corp., 129 N.H. 591, 617-18 (1987).  In light of this opinion, the respondent's request in her memorandum of law that we dismiss the appeal is moot.

Affirmed.

MACDONALD, C.J., and HICKS, BASSETT, and HANTZ MARCONI, JJ., concurred.

5