ALBANY,<br>Jan. 1835.<br><br>Drummond.<br>v.<br>Burrell.

New trial granted.

---

## DRUMMOND *vs.* A. & N. BURRELL.

Where a party contracts by *parol* to work for another for the term of *two years*, for which he is to receive $100—or $50 a year, and quits the service at the end of *six months*, the contract not having been reduced to writing, is within the *statute of frauds*, and an action cannot be maintained for its non-performance.

ERROR from the Jefferson common pleas. Drummond contracted to work with the Messrs. Burrells, at the business of wagon making for *two years*, for which he was to receive $100—or $50 a year. He worked about *six months*, and then quit the employment of the Messrs. Burrells, who commenced a suit against him in a justice's court, claiming damages for the non-performance of his contract, and also claiming to recover about $10 advances made to him while in their employment. The plaintiffs obtained a judgment before the justice. The defendant appealed to the *Jefferson common pleas*, on the trial in which court, after the testimony was closed, the defendants' counsel objected to a recovery, on the ground that the contract not being reduced to writing was void, within the *statute of frauds*. The court ruled that the contract was

not within the statute, and the jury, under the charge of the court, found a verdict for the plaintiffs. The defendants sued out a writ of error.

*D. N. Burnham,* for plaintiff in error.

*J. Steele,* for defendants in error.

*By the Court,* Savage, Ch. J.   The defendants' counsel insisted, among other points, that the contract declared on was within the statute of frauds and void. The court charged the jury that the contract, as proved, was good and valid, and not within the statute of frauds. The defendants' counsel excepted.

Whether the contract was within the statute is the only question.   The statute, in so far as its effects this question, is as follows : " In the following cases every agreement shall be void, unless such agreement, or some note or memorandum thereof, expressing the consideration, be in in writing, and subscribed by the party to be charged therewith: 1. " Every agreement that by its terms is not to be performed within one year from the making thereof ." 2 *R. S.* 135, § 2, *sub.* 1; the question then would seem to be, was the contract proved in this case, one which by its terms was not to be performed within one year from the making thereof? Was there nothing but the statute to be consulted, this case would seem to be a plain one. The defendant agrees to work two years from the date of the agreement for the plaintiffs, and they agree to pay him $100.   When was the agreement to be performed ? The defendant was to occupy two years in performing his part of the agreement; of course he could not perform *within* one year.   When were the plaintiffs to pay the $100 ?   On this point the contract is silent in terms, but as the payment is to be made in consideration of the services, those services are a condition precedent to the payment, and must be performed in full, before payment can be enforced.   The money then was to be paid at the end of two years, and of course not *within* one year. The contract, then, by its terms, was not to be performed within one year. This view of the case is support-

ed by several adjudged cases. In *Boydell* v. *Drummond*, 11 *East*, 155, it was held that an inchoate performance was not sufficient; that the word *performed*, *ex vi termini*, means complete performance or consummation of the work, and that partperformance could not be called performance. In *Shute* v. *Dorr*, 5 *Wendell*, 204, the plaintiff put his son, sixteen years of age, to live with the defendant, until he arrived at the age of 21, when the defendant was to pay the son $100. The son continued more than 3 years with the defendant and then left him, and the plaintiff, the father, brought his suit. The contract was held to be clearly void; the service was to be five years, and the payment at the expiration of the term; there was no contingency upon which it could have been performed within one year; and being by parol, it was void. I cannot distinguish this case in principle from that of *Shute* v. *Dorr*. The only difference is, that in that case the contract was to be completely performed at the end of five years; this was to be completed in two years.

It is contended, however, that this case is like that of *Moore* v. *Fox*, 10 *Johns. R.* 244, where it was proved before the justice that the defendant had promised to pay the plaintiff two dollars a year for his services as a minister, and had paid it half yearly for several years. The court said that as the defendant had for several years paid half yearly, the jury had a right to presume that the promise was to pay half yearly; and considering such to have been the promise, they sustained the judgment of the justice. They conclude the opinion in that case by declaring, that to bring a case within the statute, there must be an express agreement *not* to be performed within a year, and if it may be performed within a year, it is not within the act. The case of *Moore* v. *Fox* was understood by the court as a contract to pay half yearly, and decided upon that ground. There is no such feature in this case. Here the contract was *not* to be performed within a year, and therefore, to be valid, should have been in writing. The delivery to the defendant below of money and goods is not shown to have any connexion with the contract, so as to give it a construction as to the time of payment, like the case of *Moore* v. *Fox*.

Judgment of the common pleas reversed—*venire de novo*.