## Davenport *vs* Gentry's Administrator.

### ERROR TO THE MADISON CIRCUIT.

*Frauds, statute of. Indenture of Apprenticeship. Contracts. Assignments.*

CHANCERY.

*Case* 96.

June 13.

Case stated.

JUDGE GRAHAM delivered the opinion of the Court.

THE facts in this case, deducible from the admissions of the parties, and the evidence, are that certain negroes, claiming to be free, procured the services of Gentry to aid them in the assertion of their claim, in which they were successful. For Gentry's services, and for some expenses to which he had been put in the prosecution of their suits, they promised to serve him five years. On the 12th of April, 1837, (after the negroes had been declared free by the judgment of the Court,) Gentry sold to Davenport six of them for five years, for the consideration of five hundred dollars, to be paid on the 25th December, 1838.

Davenport having failed to pay the note executed by him for this sum, Gentry sued him and obtained a judgment at law against him for the amount. Some of the negroes thus bought by Davenport were infants. He has instituted this suit, seeking a perpetual injunction against the judgment. The parties have raised a question as to the particular terms of the contract, Daven-

DAVENPORT
*vs*
GENTRY'S AD'R.

port insisting that Gentry represented himself as being entitled to the services of the negroes' for five years, when he well knew that he was not so entitled for any time; and on the other hand, Gentry urges that he only sold his *claim*, of the extent and nature of which, and its operation, Davenport had as full knowledge as Gentry had; and avers that in truth he was entitled to the services of the negroes by his contract with them. During the progress of the suit, Gentry died in Missouri, the place of his residence. The Madison County Court, in this State, granted letters of administration on Gentry's estate to Thomas Turner, against whom the suit was revived.

The courts of Ky. have jurisdiction to grant administration upon the estate of a non-resident where one resides against whom he had a judgment rendered. (1 *Marshall*, 303; 5 *Monroe*, 40.)

The complainant denies that the Madison County Court had any authority to appoint an administrator. In similar cases, it has been determined that the existance of a judgment in this State, unsatisfied, although in the name of a non-resident, gives to the County Court in whose county the debtor resides, and where the judgment was obtained, jurisdiction to grant administration: (1 *Marshall*, 303, *&c.*; 5 *Monroe*, 40-2.) At the July term, 1837, of the Lincoln County Court, that Court, at the instance of Davenport, directed their Clerk to bind three of the young negroes to him as apprentices. The Court below appointed a commissioner to ascertain the ages, value of services, &c. of the negroes, and he having reported, the Court perpetuated complainant's injunction as to all but eighty dollars, and dissolved it as to that sum, with damages. Each party assigns errors. The contract made by Gentry with the free negroes for their services, was by parol agreement.

The statute of frauds presents an obstacle to a recovery upon any verbal contract, not to be performed within one year from its being made. That it has been in part performed will make no difference.

It has been settled by repeated adjudications of this and other Courts, that under the statute of frauds, an agreement not to be fully performed within one year, is a contract not enforcible by either party: (4 *B. Monroe*, 415.) This enactment extends to all contracts which are not to be carried into full, effective and *complete execution* within the space of one year from the making thereof: (*Chitty on Contracts, Ed.* 1848, *p.* 67.) "An agreement for a year's service, to commence at a subsequent day,

being a contract not to be performed within the year from the time of the agreement, must be in writing:" (*Ibid.*) Nor is such an agreement good even for one year, or any part of the time. If voidable in part it is voidable for the whole. A part execution of it will not take it out of the statute, because the entire agreement must be for the performance of a duty or act which may be completed within the year: (*Same authority.*) Such an agreement is not void, but is only regarded as voidable, and will, sometimes, operate as a shield to the defendant to protect him, whilst it is not available for a complainant in chancery, who has derived any benefit or advantage from it: (3 *Monroe*, 170-1; 2 *J. J. Marshall*, 361.)

By adverting to the statements of the bill and answer it is seen that the parties differ about the precise language used in their contract. Whether Gentry sold the negroes for five years, representing that under the contract he had a right to do so, or whether he only sold his claim. We regard this matter as not very important. It is very clearly inferrable, if not certain, from the facts proved in this case, that the complainant knew what claim Gentry had to the services of the negroes, and by what contract he had acquired that claim, and may be presumed to have known as well as Gentry that it was at least doubtful whether they could be compelled to serve him. The contract seems to have been fair. Misrepresentations of fact are denied, and none are proved.

Persons of color promise to serve for a term of years by parol, that promise was transferred by parol—they refused to perform the whole service, and the assignee refused payment—Held that he was bound to pay for such time as they had served, there being no evidence of fraud in the contract by the assignor.

To the extent that he has derived advantage or profit from the contract, and as it is inferred both parties acted under mistake as to the obligation of the negroes, he ought, in conscience, to comply with his contract; but as he could not compel an execution on the part of the negroes, of the contract which they had made with Gentry, and as the most of them refused to render him service, he cannot be compelled to pay any more than the value of the services rendered. An indenture of apprenticeship is not assignable, nor can a contract for personal services, in cases where such contract is binding, in any case be assigned, so as to give the transferree a compulsory right to the services; in this case the

A contract for personal service or an indenture of apprenticeship, is not assignable.

DAVENPORT
    vs
GENTRY'S AD'R.

greater number of the negroes were infants and could not make a valid contract because of their infancy, and having failed to perform their undertaking made by them or for them, to Gentry, the transfer or sale to Davenport did not constitute such a consideration of the note given for them, as can be enforced against Davenport, beyond the advantages or profits derived by him from the contract. The commissioner appointed by the Court to ascertain the facts on that subject, reported that none of the negroes rendered any valuable service but John, and that for him, the complainant ought to pay, and the Court so decreed. We are of opinion that the evidence in the case, will not authorize this Court to say that portion of the decree is wrong. It is true that John only served about three months before he was bound as an apprentice to Davenport, and it is urged that he remained with him because of this binding. There is nothing to show that he would not have continued faithfully to serve without this, and at any rate, the contract with Gentry placed the boy in the hands of Davenport, and thereby enabled him to obtain the binding as an apprentice. We think he ought to pay to the extent decreed, and no further. After allowing the commissioner $15, and directing the complainant to pay it, and that it be taxed as costs, the Court made an additional allowance of $5, to be paid by complainant and not to abide the costs. This is assigned for error. No reason is given for making this additional allowance. It is, however, to be presumed in favor of the action of the Court below, that there existed sufficient cause for making it.

Nor is there any error in the amount of damages assessed on the dissolution of the injunction. Counting interest on the $80 up to the time of granting the injunction, and including the costs which had also been injoined, the amount of damages assessed was not too much.

There being no error in the decree of the Court below, it is affirmed.

*J. & W. L. Harlan* for plaintiff; *Turner* for defendant.