## THOMAS HILL *vs.* HENRY N. HOOPER & others.

An oral agreement to employ an infant for five years, and to pay his father certain sums semiannually for his services, is an agreement not to be performed within a year, within the statute of frauds, (Rev. Sts. *c.* 74, § 1, *cl.* 5,) and no action lies thereon to recover one of the semiannual instalments.

ASSUMPSIT upon an oral agreement, whereby the plaintiff, on the 22d of September 1848, agreed with the defendants, that his son, Rowland Hill, who was then a minor, between fifteen and sixteen years of age, should enter into their service and work for them in their business of brass founding from that time until he should arrive at the age of twenty one years, in consideration that the defendants during that time would pay to the plaintiff for the services of his said son, quarter yearly, a sum at the rate of two dollars and a half per week as board, (so called,) and in addition thereto semiannually the sum of seventeen dollars and a half as clothes money until the said Rowland should arrive at the age of eighteen years ; the sum of twenty dollars semiannually from that time until he should arrive at the age of twenty years ; and from this age the sum of thirty dollars semiannually until he should arrive at the age of twenty one years ; and the defendants agreed to take the plaintiff's said son into their service on these terms.

The parties agreed that the plaintiff's son entered into the defendants' service on the said 22d of September, and continued therein until the 9th of October 1850 ; that the sum of seventeen dollars and a half for clothes money (so called) became due, by said oral agreement, on the 22d of September 1850, and was then demanded by the plaintiff, but was not paid ; and that if, upon these facts, the plaintiff was entitled to recover upon the special contract, the defendants should be defaulted, and judgment rendered against them for the sum of seventeen dollars and a half, and interest from the date of the writ ; otherwise, the plaintiff to become nonsuit.

*G. H. Kingsbury,* for the plaintiff. If an agreement within the statute of frauds has been so far executed that nothing

remains but to pay the stipulated compensation, indebitatus assumpsit will lie to recover such compensation. *Felton* v. *Dickinson,* 10 Mass. 287. *Little* v. *Martin,* 3 Wend. 219. *Holbrook* v. *Armstrong,* 1 Fairf. 39. *Linscott* v. *McIntire,* 15 Maine, 201. *Wilkinson* v. *Scott,* 17 Mass. 249. *Hess* v. *Fox,* 10 Wend. 436. The stipulations of the defendants, in the agreement, were divisible, and on each default the plaintiff's right of action was as absolute as if the whole term had expired. *Badger* v. *Titcomb,* 15 Pick. 413. *Lord* v. *Belknap,* 1 Cush. 279. *Knight* v. *New England Worsted Co.* 2 Cush. 288 – 290. *Philbrook* v. *Belknap,* 6 Verm. 383. The promise sued upon is not an agreement that is not to be performed within a year; but is an agreement to be performed by the defendants every six months during the continuance of the boy in their employment, according to the terms of the agreement; which was in fact a hiring from one time of payment to another. *M'Lees* v. *Hale,* 10 Wend. 426. *Moore* v. *Fox,* 10 Johns. 244. The extension of the agreement beyond one year depended on the life of the boy, and on the further contingency that the defendants should pay the plaintiff certain sums at stated times, and was therefore not within the statute. *Roberts* v. *Rockbottom Co.* 7 Met. 46. *Peters* v. *Westborough,* 19 Pick. 364. *Lyon* v. *King,* 11 Met. 411. *Howard* v. *Burgen,* 4 Dana, 137. 1 Smith's Lead. Cas. (4th Amer. ed.) 375, Amer. note to *Peter* v. *Compton.*

*E. Wright,* for the defendants. The agreement upon which this action is brought, being, by its terms, an agreement not to be performed within a year, is within the statute of frauds, Rev. Sts. *c.* 74, § 1, *cl.* 5; and this action cannot be maintained. Part performance will not take it out of the statute. *Boydell* v. *Drummond,* 11 East, 156. *Hinckley* v. *Southgate,* 11 Verm. 428. *Drummond* v. *Burrell,* 13 Wend. 307. *Lockwood* v. *Barnes,* 3 Hill, 128. *Anon.* 1 Salk. 280. *Shute* v. *Dorr,* 5 Wend. 204. *Squire* v. *Whipple,* 1 Verm. 69. *Broadwell* v. *Getman,* 2 Denio, 87. *Wilson* v. *Martin,* 1 Denio, 602. *Comes* v. *Lamson,* 16 Conn. 246. *Jackson* v. *Pierce,* 2 Johns. 223. *Bracegirdle* v *Heald,* 1 B. & Ald. 726. Here is no contingency that can take the agreement out of the statute. *Peter* v. *Compton,* Skin. 353.

*Tolley* v. *Greene,* 2 Sandf. Ch. 91. *Hinckley* v. *Southgate,* 11 Verm. 428. *Boydell* v. *Drummond,* 11 East, 142. The plaintiff is not without remedy, but may recover upon *quantum meruit.*

METCALF, J. The court are of opinion that this action cannot be maintained. The statute of frauds (Rev. Sts. *c.* 74, § 1,) enacts that no action shall be brought upon any agreement that is not to be performed within one year from the making thereof, unless the promise, contract or agreement, upon which such action shall be brought, or some memorandum or note thereof, shall be in writing. And it is the settled construction of this clause of the statute, that unless the agreement can be completely performed within a year, no action can be maintained on it. This was first decided in *Boydell* v. *Drummond,* 11 East, 142; and that decision has been confirmed by the English and American courts, in numerous cases. We refer to a few of them which most nearly resemble the case before us. *Birch* v. *Earl of Liverpool,* 9 B. & C. 392. *Sweet* v. *Lee,* 4 Scott N. R. 77. *Roberts* v. *Tucker,* 3 Exchequer Reports, 632. *Giraua* v. *Richmond,* 2 C. B. 835. *Drummond* v. *Burrell,* 13 Wend. 307. Now, as it is impossible that the agreement, declared on in the present case, could have been completely performed within a year from the making of it, no action can be maintained on it.

There are cases in which it has been decided, when agreements within this clause of the statute have been terminated or waived, after partial performance, that an implied contract may be raised, on which one party may be held to pay the other for the goods received or the services rendered, before such termination or waiver. But the action, in such cases, must be brought on the implied and not on the express contract. *Mavor* v. *Pyne,* 2 Car. & P. 71, and 3 Bing. 285. *Shute* v. *Dorr,* 5 Wend. 204. Whether the present plaintiff could recover, on an implied contract, as for work and labor done by his son for the defendants, is a question on which we express no opinion. It is clear, on the authorities, that he cannot maintain this action. *Plaintiff nonsuit.*