JUDGE PRYOR
delivered the opinion of the court.
In the month of October, in the year 1870, Kleeman & Co., the appellants, were engaged in the business of manufacturing and repairing billiard-tables in the city of Chicago, Illinois, and also had a branch of the establishment in the city of New Orleans.
It is alleged by Wm. Collins, the appellee, that a verbal contract was made between the appellants, Kleeman & Co., *462 and himself by which he undertook to work for the appellants one year in their business house in New Orleans for the sum of one thousand dollars. This contract was made in the city of Chicago, and there is some doubt from the proof whether the time of entering appellants’ service was to date from the making of the contract or upon the arrival of the appellee in New Orleans, he having left Chicago for the latter city as soon as the contract was made. Upon reaching New Orleans the appellee at once commenced to labor for the appellants under the contract made in Chicago, and worked for four months, when the appellants, as the proof conduces to show, discharged him from their service without cause, having first paid him for his labor during the period he worked for them. An action was instituted by the appellee in Louisville, Ky., upon the contract as- stated, alleging a faithful compliance with its terms on his part, his discharge from appellants’ service without cause, and that he was deprived thereby of any other employment for many months, although he had made diligent efforts in seeking such employment from others, etc.
. The appellants deny the execution of any such contract as alleged, and also rely upon the statute of frauds as a bar to appellee’s recovery, even if such a contract had been made.
Upon the trial of the cause in the court below a verdict and judgment were rendered against the appellants for four hundred and eight dollars in damages, of which they now complain. '
Counsel for the appellants asked the court to say to the jury, in substance, that if the contract made between the parties in Chicago for one year’s service to be thereafter rendered by the appellee was in parol, and by its stipulations the term of service was not to begin until the appellee reached New Orleans, that such a contract was within the statute of frauds, and no recovery could be had upon it. This instruction was refused, and is one of the errors complained of.
*463 It is insisted by appellee’s counsel that the statute of frauds of this state can not affect the contract or a recovery upon it, as it was made in Illinois to be performed in Louisiana, and in the latter state no such statute exists. There is some difficulty in placing a legal construction upon the contract as alleged in the petition, as well as the contract proven on the trial. There is no such variance, however, between the facts alleged and those proven as affects the appellee’s right to recover, unless by the testimony tending to establish the contract the appellee’s case is brought within the statute of frauds. If the appellee was not to enter the service of the appellants until he reached New Orleans, the contract could not have been performed within one year from the time it was entered into between the parties; and on the other hand, if the services were to commence immediately on the making of the contract, the appellee can recover for a breach of it.
The language of the statute is plain and explicit, “that no action shall be brought to charge any person upon any agreement which is not to be performed within one year from the making thereof, unless the promise, contract, agreement, representation, assurance, or ratification, or some memorandum or note thereof, be in writing, and signed at the close thereof by the party to be charged therewith, or by his authorized agent.”
One of the reasons for the enactment of this statute was to «prevent proof of contracts by parol evidence at a remote period from the time such contracts were made, and we know of no exception in its application where the contract is in parol and can not be performed within a year. A contract made for the services of another for one year, the term of service to commence five days from the date of the contract, is as much within the statute as if the parol agreement had been made five years prior to the time at which the services were to begin.
*464 In the case of Kelly v. Terrell’s adm’r (26 Georgia, 552) the defendants had employed the plaintiff, in the Christmas of 1854, as their overseer for the year 1855; held that the contract, being in parol, was within the statute. Lord Ellenborough, in the case of Bracegirdle v. Heald (1 B. & A. 722), said, “If we were to hold that a case which extended one minute beyond the time pointed -out by the statute did not fall within its prohibition, I do not see where we should stop; for, in point of reason, an excess of twenty years will equally not be within the act.” In the case of Emory v. Smith (46 N. H. 157) a parol contract was made, by which the plaintiff was to labor for the defendant for two years, at one hundred dollars for the first year, and two hundred dollars for the second year. An action was brought to recover the balance due on the last year’s work, and it was adjudged that the case was within the statute, and no recovery could be had on the contract.
The authorities on this point are conclusive. A contract for a year’s service, to commence some days hence, must be in writing. (Bracegirdle v. Heald, 1 B. & A. 722; Peter v. Compton, 1 Smith’s Leading Cases, 144; Drummond v. Burrill, 13 Wend. 307; Holloway v. Hampton, 4 B. Mon. 415; Davenport v. Gentry’s adm’r, 9 B. Mon. 428.) “The statute applies to a contract for a year’s service, to commence at a subsequent day.” (1 Hilliard on Contracts, 416.)
Nor does a partial performance authorize an action to be maintained on the contract. The only remedy the party has is by a quantum meruit, or some appropriate action other than on the contract itself. (Lane v. Shackleford, 5 N. H.; Pierce v. Paine, 28 Vt. 34; Herron v. Butler, 20 Maine, 119.)
It is maintained, however, by appellee’s counsel that the statute of frauds enacted in this state can not affect the proceedings in this action. The principle that the legal character and validity of a contract is to be determined by the lex lod contractus, or by the laws of the place where it is to be per *465 formed, is so well understood as not to require the citation of any authority in support of it, and it is equally as well settled that the mode of proceeding and character of actions to be instituted are governed by the laws of the place where the remedy is sought. (Story on Conflict of Laws, sec. 556, p. 935.) If therefore the statute of frauds in this state affects the validity of contracts made in parol when not to be performed within a year, the defense relied on should be disregarded; and on the other hand, if the statute is to be applied to the remedy only, no recovery can be had upon such a contract.
In the case of Leroux v. Brown (reported in 14 English Law and Equity Reports) the action was instituted in one of the English courts upon a contract made in France. The defense was the fourth section of the statute of frauds, and the plaintiff insisted that as the contract was made in France the English statute had no application to the case. It was adjudged in that case that no action could be maintained upon such a contract (it being in parol, and not to be performed within a year) in England, because the fourth section of the statute related to the mode of procedure, and not to the validity of the contract. This section of the English statute is identical with the statute of this state upon the same subject.
In some of the authorities referred to upon this question, apparently in conflict with the view here presented, the cases have been argued and determined upon questions arising on the 17th section of the English statute, declaring that no contract for the sale of goods shall be valid unless, etc. (See Allen v. Schuhardt, 10 Am. Law Register.) Lord Brougham said in the case of Bain v. Whitehaven & Furness Railway Company (3 House of Lords Cases), “Whether a witness is competent or not, whether a certain matter requires to be proved in writing or not, whether certain evidence proves a certain fact or not, is to be determined by the law of the *466 country where the question arises, where the remedy is sought to be enforced, and where the court sits to enforce it."
In the case of Downer v. Chesebrough (36 Connecticut, 42) the legal effect of a blank indorsement on a promissory note •was the question to be determined. The indorsement was made in New York, and by the law of that state parol proof could not be introduced to change the legal import of such an indorsement. Tn Connecticut, where the suit was instituted, the law was held differently, and the defense to the action, which would have been insufficient upon general demurrer in a New York court, was adjudged to be good in a Connecticut court. The character of evidence to sustain the defense was different in the two states. The evidence to sustain it in the one state was incompetent in the other.
It is said in this case that the mischief sought to be avoided by rejecting parol testimony when offered to alter written contracts is that which arises from the infirmity of human nature in correctly recollecting the particular terms of a contract after a length of time, and the willful misrepresentations that are so often made in regard to such transactions, etc.
Statutes of limitations and of frauds and perjuries have been enacted for the same purpose. The statute of frauds does not make such a contract void, but only declares that no action shall be maintained upon it. Such has been the construction of the .statute by this court in the cases of Berry v. Graddy (1 Met. 553) and Roberts v. Tennell (3 Mon. 247).
We perceive no difference between the statute of frauds and that of limitation in its application to the present case. If the statute of Illinois or Louisiana had permitted the party to institute an action upon such a contract within ten years from the time it was entered into, still, if its terms had not been complied with and the remedy had been sought in Kentucky, the statute of five years would apply, and also any other statute affecting the remedy or mode of procedure.
*467 There is some proof in the cause conducing to show that a letter was written by one of the appellants from Chicago to his partner or agent in New Orleans specifying the terms of the contract made with the appellee. No instruction seems to have been given on this branch of the case in the court below, so far as appears from the record. Counsel for appellee now insists that such a memorandum, if proven, will take the case out of the statute. We are not disposed to doubt but that such a letter being produced, or its contents proven if lost, showing the nature of the contract, would be sufficient evidence of the agreement. (Sugden on the Law of Vendors and Purchasers, p. 122; Leroux v. Brown, supra.) Whether or not such a letter was written was a question of fact for the jury, and the instruction asked for by appellants’ counsel already noticed should have been given with the qualification that if the agreement was evidenced by a memorandum in writing signed by the party sought to be charged, although addressed.in the form of a letter to his partner or agent, it was sufficient evidence of the agreement. By refusing the .instruction asked for by appellants their defense was virtually taken from the jury. Whether this contract when made was in parol, and not to be performed within a year, and if so, whether a writing had been afterward signed taking the case out of the statute, or whether by the terms of the contract the appellants had the right to discharge appellee, were questions of fact that should have been submitted to the jury under proper instructions, and the refusal of the court to do so was prejudicial to appellants.
For the reasons indicated the judgment of the court below is reversed, and cause remanded with directions to award the appellants a new trial, and for further proceedings consistent with this opinion.