WILLIAM M. LLOYD v. PATRICK DUMPHREY.

**Statute of Frauds—Lease Contract Not in Writing.**

An oral contract for the lease of a farm, made in October, 1874, for one year beginning January 1, 1875, and therefore not to be carried into full effect within the period of one year from the making thereof, is within the statute of frauds and hence unenforcible.

APPEAL FROM DAVIESS CIRCUIT COURT.

March 9, 1876.

OPINION BY JUDGE PETERS:

In this action brought by appellant against appellee he alleges that in the month of October, 1874, appellee rented to him his farm in

Daviess county, then occupied by John Bell, for the year 1875, of which he was to have possession as soon as said Bell vacated it, and for the rent thereof he was to pay appellee $150 at the expiration of the year; but he was to pay a part of the rent in improvements, the character of which is specified. And he then alleges that preparatory to entering into possession of the premises under his contract, he removed from the town where he was residing at a cost of $21; that he made 1,700 boards worth $8.50 to cover the house on the land, and sewed three acres of wheat and furnished the seed, that he bought corn and hired a hand to labor, preparatory to taking possession of the farm and making a crop, as he had agreed to do; but that appellee, in violation of his contract with him on or about the 15th of December, 1874, rented the premises to one Phil Stone, and placed him in possession of the same to the great damage of appellant, and for which he seeks redress.

Appellee demurred to the petition; the demurrer was sustained, and appellant declining to amend his petition was dismissed, and he prosecutes this appeal. The contract, as set forth in the petition, was made in October, 1874, for the rent of the farm for the year 1875. The lease, therefore, was to expire on the last day of the year last named, and consequently was not to be carried into full effect within the space of one year from the making thereof.

Subsec. 7, Sec. 1, Chap. 22, 1 Rev. Stat. 265, provides that no action shall be brought to charge any person upon any agreement which is not to be performed within one year from the making thereof unless the promise, contract agreement, or some memorandum or note thereof be in writing, and signed at the close thereof by the party to be charged therewith, or by his authorized agent. The agreement set out in the petition is not alleged to be in writing, and an action upon it as a parol agreement is interdicted by the statute. In *Davenport v. Gentry's Adm'r*, 9 B. Mon. 427, this court said, "It has been settled by repeated adjudications of this and other courts, that under the statute of frauds, an agreement not to be fully performed within one year is a contract not enforceable by either party."

This enactment extends to all contracts which are not to be carried into full effect and complete execution within the space of one year from the making thereof. Chitty on Contracts, 67. An agreement for a year's service, to commence at a subsequent day, being a contract not to be performed within the year from the time of the agreement, must be in writing. Nor is such an agreement good even

for one year or any part of the time. If voidable in part it is void-
able for the whole. Nor will a part execution of the agreement take
it out of the statute, because the entire agreement must be for the
performance of a duty or act which may be completed within the
year. Chitty on Contracts, 67-8.

The agreement relied on not being in writing, and by its terms
not to be fully performed within one year from the making thereof,
an action upon it could not be maintained and the demurrer was
properly sustained.

Judgment *affirmed*.

*Owen & Ellis, for appellant. W. N. Sweeney, for appellee.*