JOHN McKINNEY, Respondent, *against* BERNARD McCLOSKEY *et al.* AS EXECUTORS, &C., OF JOHN J. McKINNEY, Appellants.

(Decided April 1st, 1878.)

That clause of the Statute of Frauds (2 R. S. 135) which provides that "every agreement that by its terms is not to be performed within one year from the making thereof" shall be void, "unless such agreement, or some note or memorandum thereof, be in writing, and subscribed by the party to be charged thereby," applies only to an agreement that does not admit of a valid execution within one year. And therefore, where the plaintiff made a verbal agreement with the defendant to take charge of A., an orphan, and provide him with all necessaries until he should arrive at the age of twenty-one years, in consideration of which the defendant agreed to pay the plaintiff the fair value of the same : *held*, that this agreement was not within the statute ; that the agreement was subject to the contingency that the boy might die within a year, and that the payment to the plaintiff did not depend on the boy's arriving at the age of twenty-one years, and that the plaintiff, having performed his agreement until the death of the boy—which was before he arrived at the age of twenty-one years—was entitled to recover therefor, according to the agreement.

APPEAL from a judgment of this court, entered on the verdict of a jury, and from an order denying a motion made on the minutes for a new trial.

The facts are stated in the opinion.

*Isaac Dayton*, for appellant.

*W. E. Robinson*, for respondent.

The judgment here was affirmed by the Court of Appeals, April 9th, 1879.

CHARLES P. DALY, Chief Justice.—The true interpretation of the clause of the statute rendering void every agreement that, *by its terms*, is *not to be performed within a year* from the making of it, is that it refers to an agreement which does not admit of a valid execution within that time. (Browne on the Statute of Frauds, § 273.) If it may be performed within a year, it is not within the statute.

The agreement in this case was that the plaintiff would take sole charge, custody and control of the boy John Logue, who was an orphan, then about seven years old, exercise the duties and cares of a father towards him, provide for him, furnish him with suitable board and clothing, and medical attendance, tuition, proper means of instruction, and other necessaries that he might stand in need of, until he should arrive at the age of twenty-one years, in consideration of which the defendant's testator agreed to pay the plaintiff the fair value of the same.

This agreement was subject to the contingency that the boy might, as he did, die before reaching the age of twenty-one years ; and it was therefore necessarily implied that if he should, and the plaintiff performed his part of the agreement up to the death of the boy, that the testator would pay the plaintiff the fair value of the performance up to that time. The construction which the executors ask us to put upon the agreement—that if the boy died before arriving at twenty-one years of age, the testator was discharged under it from any obligation whatever, having bound himself only to pay for the services rendered and expenses incurred if the boy lived and reached the age of twenty-one years—would be unjust and unreasonable. That such was the meaning and intention would have to be expressed in language clear and unmistakable, and is not to be inferred from the plaintiff's simply agreeing to do what was requested until the boy should arrive at the age of twenty-one years.

In *Doyle* v. *Dixon* (97 Mass. 207) the agreement was not to engage in a certain business in a certain place for five years, and the court held that it was not within the statute, because it might be fully performed if the promisor died.

within a year, the obligation being to perform it within five years, or as long as he lived within that time.

In *Peters* v. *Westborough* (19 Pick. [Mass.] 365) the plaintiff agreed to support a pauper, who was then eleven years old, until she was eighteen years of age, in consideration of her services during that time, which was held to be not within the statute, on the ground that if she died within the first year the contract would have been fully performed; which is, in effect, the present case, and to the same effect is *Wiggens* v. *Keiser* (6 Ind. 252).

The cases upon which the appellant relies are distinguishable from this and the cases above cited.

In *Shute* v. *Dorr* (5 Wend. 204) the promise was to pay $100 for the services of the plaintiff's son until he was twenty-one years of age, he then being sixteen years old. This was an agreement to pay a fixed sum for five years' services at the end of the service, which could not be performed within a year, for the $100 was, by the terms of the contract, payable only when the five years' services were rendered; and if the son should die within the year, the party promising was not liable, as he had not had the five years' services for which he contracted. Such also was *Drummond* v. *Burrell* (13 Wend. 307), where the party contracted to work for the term of two years, for which he was to receive $100, or $50 a year; which contract could not be performed within a year, being an agreement to render services for two years for a fixed amount, payable yearly. There was no contingency in either of these cases, under which the contract might be performed within a year, for where a party stipulates to pay a certain sum for two or more years' services, which is not payable until the services are rendered, it is a contract which does not, by its terms, admit of being executed within any less period.

There is a material difference between an agreement to pay one certain sum for the whole of a person's services during a fixed period of time, and to pay for the support of a person until he reaches a certain age. In the one case, if the party who is to serve dies before the expiration of the

time, the promisor loses the benefit of what he contracted for, as he has received only a part of it. In the other, the death, before the end of the term, of the party to be supported, instead of being a loss to the promisor, is a pecuniary benefit, as it lessens the extent of an onerous obligation; and it is this essential difference which distinguished this and the cases I have cited from the cases in this State on which the defendants rely.

But even if the contract is void, not being in writing, the party can recover upon a *quantum meruit.* (*Shute* v. *Dorr, supra.*) In the present case there was a performance of what the plaintiff agreed to do for eight years, the boy being seven years of age when the plaintiff took charge of him, and fifteen years old when he died.

The plaintiff was entitled to recover what the jury have found to be the fair value of the services that he rendered, and the judgment, in my opinion, should be affirmed.

ROBINSON and LARREMORE, JJ., concurred.*

---

* The judgment here was affirmed by the Court of Appeals, January 28th, 1879.