## McGIRR v. CAMPBELL.

(Supreme Court, Appellate Division, First Department. April 11, 1902.)

CONTRACTS—STATUTE OF FRAUDS—PERFORMANCE WITHIN ONE YEAR.

　　Copartners entered into a verbal agreement whereby defendant sold certain property and the business to plaintiff, taking notes therefor, and it was further agreed that the defendant would not enter into or carry on a like business in the city "until the last note became payable, namely, twenty-seven months after April 20, 1897." *Held*, that the agreement was within 2 Rev. St. p. 135, § 2, subd. 1, requiring agreements not to be performed within one year to be in writing.

　　Patterson and Hatch, JJ., dissenting.

Appeal from trial term, New York county.

Action by William J. McGirr against Bernard Campbell for damages for breach of contract. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Affirmed.

For opinion on former hearing, see 62 N. Y. Supp. 24.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

Frederick House, for appellant.

George H. Taylor, for respondent.

INGRAHAM, J. The parties to this action were engaged as copartners in the business of gathering, shipping, and selling manure in the then city of New York, and, while so engaged, on the 20th of April, 1897, entered into a verbal agreement, whereby the defendant sold to the plaintiff certain personal property, and the business theretofore conducted with the good will thereof, which included certain contracts for gathering manure in the city of New York for the sum of $20,000, which the plaintiff paid to the defendant partly in cash and partly by the delivery of certain promissory notes aggregating $8,000. The complaint alleges that it was a part of that agreement that the defendant "would not again enter into or carry on the business of gathering, shipping, or selling manure, or either of them, in the then city of New York, until the last of said notes became due and payable, namely, twenty-seven months after the 20th day of April, 1897"; that in or about the month of April, 1898, the defendant did, in breach of his said agreement, enter into and carry on the business of gathering, shipping, and selling manure in the city of New York, and has ever since said last-mentioned date carried on, and still continues to carry on, the said business, by reason whereof the plaintiff is and has been damaged in the sum of $15,100; and the action was brought to recover the damages sustained. The defendant denies the making of this agree-

ment, but admits that he sold to the plaintiff his interest in certain scows, tugs, schooners, and tools; that in or about the month of April, 1898, he entered into and carried on the business of gathering, shipping, and selling manure, and has since the last-mentioned date carried on, and still continues to carry on, said business. Upon the trial the plaintiff was allowed to amend his complaint in relation to this verbal agreement, and the defendant also amended his answer, alleging that the agreement which is sought to be enforced is void as being within the statute of frauds, it being an agreement not to be performed within one year, and being without consideration, and not being in writing, as required by said statute of frauds; and, further, that the said agreement is without consideration, and void. The plaintiff proved that the defendant made a verbal agreement as alleged, and at the end of the plaintiff's case the defendant moved to dismiss the complaint upon the ground that this contract was void by the statute of frauds. The court denied the motion, but intimated that upon the proof there was no evidence that would justify a recovery for more than nominal damages. The plaintiff thereupon reopened his case, and called the defendant as a witness. He testified as to the profits of the business, and in answer to the question of a juror testified that he never made an agreement to stay out of the business for 27 months. The plaintiff again rested, and the defendant renewed his motion to dismiss the complaint upon the ground previously stated, which motion was denied; but a verdict for the plaintiff for nominal damages was directed, to which counsel for the plaintiff excepted, and it is from the judgment entered on this verdict that the plaintiff appeals.

The defendant having moved to dismiss the complaint upon the ground that the agreement sought to be enforced was void by the statute of frauds, if the complaint had been dismissed upon that ground, it would seem that the plaintiff would not be aggrieved by the direction of a verdict for nominal damages, and that it would be a useless formality to reverse the judgment and order a new trial, if, upon such new trial, the complaint would have to be dismissed upon the ground that the agreement sued on could not be enforced. The contract, as alleged, was that "it was further understood and agreed between the plaintiff and the defendant * * * that the defendant would not again enter into or carry on the business of gathering, shipping, or selling manure, or either of them, in the then city of New York, until the last of said notes became due and payable, namely, twenty-seven months after the 20th day of April, 1897." The statute of frauds (2 Rev. St. p. 135, § 2, subd. 1) provides that "every agreement that by its terms is not to be performed within one year from the making thereof shall be void, unless such agreement or some note or memorandum thereof be in writing and subscribed by the party to be charged therewith." This contract was that the defendant would not again enter into or carry on the business of gathering, shipping, or selling manure for a period of 27 months. It was an entire contract, covering the period. Its performance required the defendant not to act for 27 months, and thus, by its terms, it was not to be performed within one year.

This agreement is analogous to a contract for an employment which was to continue for a longer period than one year, and such agreements have always been held to be within the statute. Drummond v. Burrell, 13 Wend. 307, was a case where the defendant agreed to work two years from the date of the agreement for the plaintiff, and the plaintiff agreed to pay him $100; and the court, in holding that this agreement was within the statute of frauds, say:

"When was the agreement to be performed? The defendant was to occupy two years in performing his part of the agreement. Of course, he could not perform within one year. When was the plaintiff to pay the $100? On this point the contract is silent in terms, but, as the payment is to be made in consideration of the services, those services are a condition precedent to the payment, and must be performed in full, before payment can be enforced. The money was then to be paid at the end of two years, and, of course, not within one year. The contract, then, by its terms, was not to be performed within one year. * * * The word 'performed' ex vi termini means complete performance or consummation of the work, and that part performance could not be called performance."

See, also, Oddy v. James, 48 N. Y. 685.

So, also, a contract to form a copartnership to be continued beyond one year is within the statute (Wahl v. Barnum, 116 N. Y. 97, 22 N. E. 280, 5 L. R. A. 623), and a contract to marry, by its terms not to be performed within a year, is within the statute. It is claimed, however, that this contract is not within the statute, because, it being a personal covenant on the part of the defendant, it cannot last beyond his life, and therefore the real agreement was that he would perform it for 27 months, or so long as he lived within that time; and, as he might have died within the year, the contract was not one which, by its terms, could not be performed within a year. This construction of the statute is supported by the case of Knowles v. Hull, 97 Mass. 207, and several other cases in that state. These cases are cited by Chief Judge Daly in McKinney v. McKinney, 8 Daly, 368, and his opinion was adopted by the court of appeals in affirming an appeal from that judgment. See McKinney v. McCloskey, 76 N. Y. 594. That case, however, was upon an entirely different agreement, and it cannot be supposed that the court of appeals, in adopting this opinion, approved the views adopted in the Massachusetts cases. A contract for personal services, or a contract for a copartnership, or a contract to marry are limited by the life of the contracting parties, certainly as much so as a contract to refrain from carrying on a certain business within a specified time. Upon the death of either partner a copartnership is dissolved, and no contract for a copartnership could continue for a longer period than the lives of all the parties entering into the agreement. A contract for a copartnership to continue for 27 months would be within the statute, although upon the death of either partner there would be an instantaneous dissolution of the copartnership. In 8 Am. & Eng. Enc. Law (1st Ed.) p. 688, it is stated that a contract "to continue to do an act for a period greater than one year, or to refrain from doing during such a period," is within the statute; and there is cited in the note to sustain that conclusion Davey v. Shannon, 4 Exch. Div. 81; Perkins v. Clay,

54 N. H. 518; Gottschalk v. Witter, 25 Ohio St. 76. The note to this section says:

"Where the contract will be fully performed by the death of the party during the term, the courts of Massachusetts hold the statute does not apply (Doyle v. Dixon, 97 Mass. 208, 93 Am. Dec. 80), but the law elsewhere is stated in the text."

In the note on page 691 it is said:

"Where, however, the death of any person will simply put an end to the contract, leaving it unperformed, the fact that the death may happen within the year will not take the agreement out of the statute."

And the cases to which attention is there called seem to establish that the general rule adopted in this country and in England is that stated in the text. This question is also discussed in Browne, St. Frauds, § 282b, where it is said:

"The question is not without difficulty, but upon the whole the weight of reasoning would seem to be opposed to the judgment of the supreme court of Massachusetts. * * * The distinction between an agreement to do a thing and an agreement not to do a thing for a definite term of years would seem to be, barely stated, quite unsubstantial. In each case the promisor undertakes that during the stipulated term of years he will submit to and observe a certain obligation which the agreement imposes upon him. * * * His death only makes the performance of that obligation for the residue of the stipulated term impossible."

Taking this contract in question in its entirety, it was clearly contemplated that it was not to be performed by either party within a year. The plaintiff agreed to pay for the business partly by notes, the payment of which was extended for 27 months, and the defendant was to refrain from entering into business similar to that carried on by the copartnership for a like period. The consideration for the defendant's undertaking, viz., the payment of the $20,000, was not, by the contract, to be performed within a year, and the contract of the defendant that he would refrain from carrying on this business was extended for a like period. There could be no complete performance of the contract by either side until the termination of the period specified. The plaintiff gave his notes, by which he promised to make the payments. The defendant agreed, assuming that the testimony of the plaintiff was correct, that he would not carry on this business for 27 months. It seems to me it was clearly within the intention of the parties that the contract was not to be performed within a year, and thus was within the statute. Such an agreement is, I think, clearly within the spirit of the statute, for, as said by Dayley, J., in Boydell v. Drummond, 11 East, 159:

"The mischief meant to be prevented by the statute was the leaving to memory the terms of a contract for longer time than a year. The persons might die who were to prove it, or they might lose their faithful recollection of the terms of it."

A contract restricting the right of an individual to carry on a particular trade or business would seem to be one which was within the class of contracts that the statute intended should be evidenced by a writing. It is a contract to restrain the liberty of the individual, and, if it is good for 27 months, it is good for 20 years, or

the life of the promisor; and thus a restraint upon the power of an individual to earn his livelihood would be valid for many years, depending upon the uncertain recollection of conversations, and without the certainty of proof as to the contract that the statute intended should be presented.

I think the contract was within the statute, and for that reason the judgment and order should be affirmed, with costs.

VAN BRUNT, P. J., and McLAUGHLIN, J., concur.

PATTERSON, J. (dissenting). We are in accord upon the proposition that, if the plaintiff may recover at all, he would be entitled to substantial damages. But the majority of the court are of the opinion that the promise upon which the action is based is not enforceable under the statute of frauds, because such promise was not in writing, and no memorandum thereof signed by the party to be charged was made. I dissent from that view of the case. In Doyle v. Dixon, 97 Mass. 208, 93 Am. Dec. 80, it was held that an agreement not to engage in a certain kind of business at a particular place for a specified term of years is not within the statute of frauds, which requires agreements not to be performed within one year from the making thereof to be in writing, in order that an action may be maintained thereon. The reason assigned in that case for the decision is that the death of the promisor within a year would leave the agreement completely performed, and its purpose fully carried out; because, being only a personal engagement to forbear doing certain acts, not stipulating for anything beyond the promisor's life, and imposing no duties upon legal representatives, it would be fully performed if the promisor died within the year; "for whether a man agrees not to do a thing for his life, or never to do it, or only not to do it for a certain number of years, it is in either form an agreement by which he does not promise that anything shall be done after his death, and the performance of which is, therefore, completed with his life." The promise of the defendant in this case was one requiring nothing affirmative to be done, but merely passivity or inaction on his part. He was not to engage in business for 27 months. The question, then, is, what would satisfy that promise? for satisfaction of the promise is the equivalent of the' word "performance" in this connection. Absolute satisfaction of the promise would necessarily result from the death of the promisor within the year, and thus the promise was one that might be performed within the year. This view of the case has the support of authority in this state, and I think the question must be regarded as settled in this jurisdiction. It arose in McKinney v. McKinney, 8 Daly, 368. That was a case in which something affirmative was to be done by the promisor. There was a verbal agreement made, by which the plaintiff agreed to take care of an infant, and furnish him with necessaries, until he should arrive at the age of 21 years; and the defendant promised to pay the plaintiff the fair value of such support and maintenance. The court held that the agreement was not within the statute; that it was subject to the contingency that the infant might die within a year; and that the obligation of the defendant to make payment was

not dependent upon the infant's reaching the age of 21 years; and the plaintiff, having performed the agreement until the death of the child, was entitled to recover according to the agreement. In that case the learned chief judge of the court of common pleas placed the decision of the court upon the authority of Doyle v. Dixon, supra, and Peters v. Inhabitants of Westborough, 19 Pick. 365, 31 Am. Dec. 142, and in the opinion pointed out that the cases cited and the one then under consideration differed from Shute v. Dorr, 5 Wend. 204, and Drummond v. Burrell, 13 Wend. 307, upon which latter case the majority opinion in the case now before us is in part founded. McKinney v. McCloskey, 78 N. Y. 594, was affirmed in the court of appeals under the above title. It was not merely by a formal decision, leaving uncertain the grounds upon which the affirmance was had, but the court of last resort expressly affirmed the court of common pleas upon the opinion of that court, thereby adopting that opinion as its own, and virtually declaring that the views of the court of common pleas were, both in substance and in the form in which they were presented, of such a character that they were approved and accepted without further comment, and that there was nothing to be added in the discussion of the subject. I think the point must be regarded as settled in this state, and hence I cannot concur in the opinion about to be handed down in this case.

HATCH, J., concurs.