In the Matter of the Claim of HAROLD A. ROBINSON, Respondent, against THE ESTATE OF IDA M. HAYES, Deceased.

WILLIAM L. PATTISSON and Another, as Executors, etc., of IDA M. HAYES, Deceased, Appellants.

Third Department, January 17, 1924.

Contracts — Statute of Frauds — testatrix agreed orally to set aside $3,000 for claimant's use and deposit same in his name if he would cease his employment, pass entrance examinations for college, and enter college for two years' course — provision that claimant agreed to complete two years' course will not be implied — contract not invalid on ground that it was not, by its terms, to be performed within one year.

An oral agreement made by the testatrix to set aside $3,000 for the benefit of claimant and to deposit it in a bank in his name if he would cease his employment, take an entrance examination for Pratt Institute, pass said examination, and enter said institution for a course of study of two years, is not invalid under the Statute of Frauds, on the ground that it is not, by its terms, to be performed within one year from the making thereof, and the court will not imply a stipulation as part consideration for the gift that the claimant would complete his two years' course of study, which, if implied, would render the contract invalid under the Statute of Frauds.

HINMAN, J., and COCHRANE, P. J., dissent, with opinion.

APPEAL by William L. Pattisson and another, as executors, etc., from a decree of the Surrogate's Court of the county of Clinton, entered in the office of said Surrogate's Court on the 31st day of May, 1923, allowing the claim of Harold A. Robinson against the estate of Ida M. Hayes, deceased.

*Joseph A. Lawson,* for the appellants.

*Booth & Booth* [*John H. Booth* of counsel], for the respondent.

VAN KIRK, J.:

The claimant, Harold A. Robinson, has established a contract or agreement between Ida M. Hayes and himself, which is found by the surrogate on satisfactory proof in form as follows: " That in November, 1919, the deceased Ida M. Hayes proposed to Harold A. Robinson, the claimant, that if he would cease his

employment, take an entrance examination into Pratt Institute and pass said examinations and enter said institution for a course of study of two (2) years, that she, the said Ida M. Hayes, would, on his entrance, set aside a sum of three thousand ($3,000) dollars, which the parties then estimated to be the sum sufficient to defray all of his necessary expenses during the said course, which sum he would have at his disposal and under his control." Harold ceased his employment, prepared himself, passed his examination and was admitted to the institute in September, 1920. In the claim it is stated that it was further agreed that she would deposit the said sum of $3,000 in Harold's name in the Merchants' National Bank of Plattsburgh, N. Y. The father of claimant testified that Mrs. Hayes so agreed and said, " she   *   *   *   didn't want him to have to go to her or anybody else for money if he needed it; she wanted to have the money on deposit." The testimony of claimant's mother and sister was to the same effect. This testimony is corroborated by the testimony of Professor Smith and Professor Marsh of Pratt Institute. Professor Smith says that the deceased told him, after learning that the amount of the expense in the institute would be about $1,500 a year, that she wanted to set aside a sufficient amount " so that Harold will have it to draw upon during his two years at Pratt." Professor Marsh testifies that the deceased told him that she would provide for the claimant and set aside the money for that purpose. We, therefore, understand that the surrogate's finding that she would set aside the sum of $3,000, " which sum he would have at his disposal and under his control," meant that she would deposit it in the Merchants' Bank in Plattsburgh in his name. If necessary, the decision of the surrogate should be modified to express this finding.

When the claimant entered the institute, the deceased gave her check to him for the sum of $200, explaining that she was sorry she did not have the whole amount; that the report from the claimant's examination had been so long delayed that she anticipated he would not be admitted to the institute and, therefore, she had loaned her ready money to another, not desiring it to lie idle, but she would later have it for him. This check was never paid, because she died on October 14, 1920, before it was presented for payment at the bank on which it was drawn.

The agreement between Harold and the deceased is sustained by a sufficient consideration, is a valid agreement and is enforcible, unless void under the Statute of Frauds, which provides: " Every agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent, if such

agreement, promise or undertaking: 1. By its terms is not to be performed within one year from the making thereof." (Pers. Prop. Law, § 31, subd. 1.)   This agreement was verbal.

When the sum of money should be deposited in the name of the claimant, no one save himself could draw it or any part of it; Mrs. Hayes would be deprived of any control of it.   As to it the claimant would possess every attribute of ownership; it would become his property.   The agreement, therefore, found by the surrogate, is the equivalent of this: That the claimant should give up his employment, prepare himself for Pratt Institute, pass the examination and be admitted; that Mrs. Hayes, upon his being so admitted, would give him $3,000.   If this is the agreement contemplated by the parties, it could be performed within one year by both parties, and the ban of the Statute of Frauds would not stand against it.   The executors, however, insist that there was an implied stipulation in this agreement, as part consideration for the gift, that he should complete his two years' course; and they argue that the agreement, including such stipulation on his part, is void under the statute; that, under no supposed condition, however improbable or unexpected, could he perform within one year from the making of the contract.   If this implied agreement on the claimant's part may be injected into the contract, we think the executors' argument is substantial. (*Broadwell* v. *Getman*, 2 Den. 87; *Day* v. *N. Y. C. R. R. Co.*, 31 Barb. 548, 556; *Williamsburg City Fire Ins. Co.* v. *Lichtenstein*, 181 App. Div. 681; *Ward* v. *Hasbrouck*, 169 N. Y. 419; *International Ferry Co.* v. *Am. Fidelity Co.*, 207 id. 353; *McGirr* v. *Campbell*, 71 App. Div. 83.)   The case of *McKinney* v. *McCloskey* (8 Daly, 368; affd., on opinion below, 76 N. Y. 594), cited in the dissenting opinion in *McGirr* v. *Campbell* (*supra*), is easily distinguished from the instant case.   In the *McKinney* case the verbal agreement was that the plaintiff would take care of an infant and furnish him with necessaries until he should arrive at the age of twenty-one years, and the defendant promised to pay the plaintiff the fair value of such support and maintenance.   If the support and maintenance were paid to the time of the infant's death, the contract would be fully performed. In the instant case the whole amount of the $3,000 was given at one time.   If this stipulation be implied as a part of the claimant's contract and as a part of the consideration for the gift, then, if he did not finish his two years' course, even though the cause for his failure were sickness or death or a necessity that he should earn money to support his family, he would have breached his contract and Mrs. Hayes or her executors would have an action for damages against him.   It could not be claimed successfully that he had

fulfilled and consequently it could not be successfully maintained that he had performed on his part within a year.

But we do not think this stipulation should be implied and inserted in the contract by the court. Mrs. Hayes, who had no children, was very fond of this boy and she was anxious that he should have an opportunity to procure an education such as he wished. Such sentiments are repeatedly expressed in the record. She was willing to give this money in order that he might have such opportunity. Undoubtedly she expected that, if she gave him such opportunity, he would avail himself of it and finish the course, but she exacted no such promise from him and there is no evidence that he made any such promise to induce her to make the gift. The surrogate has not found that there was any such stipulation in the contract and no witness testifies to such stipulation. In our view the evidence discloses that she was willing, without further condition, if he passed his examination and entered the institution, to give him the money as she so contracted to do. She was willing to trust him without a promise, and his subsequent conduct justified her trust. I can see no reason why, since she did not exact such a promise as a condition of her gift, the court should imply a promise which would defeat the gift which she had promised to make and undoubtedly would have made had not her death prevented.

An implied contract consists of obligations arising from mutual agreement and intent to promise, but where the agreement and promise have not been expressed in words. (1 Willis. Cont. § 3.) In order that an unexpressed term may be implied and inserted in a contract, the implication must arise from the language employed in the expressed terms of the contract, or be indispensable to effectuate the intention of the parties. (13 C. J. 559.) We do not find in this agreement as found by the surrogate any terms necessarily requiring the insertion of an unexpressed term as here insisted upon. The words " for a course of study of two (2) years " in the finding are descriptive of the course as if the words were " for a classical course " and do not imply that the completion of the two years' course was intended as part consideration for the gift. A term which the parties have not expressed will not be implied because the court may deem it reasonable. " The implication of a contract between parties upon a subject to which their attention has been directed and which they have omitted to provide for, by express stipulation, should not be made by a court, except to enforce a manifest equity, or to reach a result which the unequivocal acts of the parties indicate an intention to effect."

(*King* v. *Leighton*, 100 N. Y. 386, 391.)   In *Genet* v. *D. & H. C. Co.* (136 N. Y. 593) the court said (p. 608): "I know very well that implied promises are to be cautiously and not hastily raised. * * * In this court we have thrown some safeguards about the doctrine to secure its prudent application, and have said that a promise can be implied only where we may rightfully assume that it would have been made if attention had been drawn to it." We have in the expressed term an entirely reasonable agreement. If made between father and son it would hardly be questioned and Mrs. Hayes seems in respect to his education to have taken the part of a parent. The expressed agreement is complete in itself and is valid. All the circumstances and the whole subject in all its parts were frequently discussed between the parties, yet Mrs. Hayes did not exact the promise which the appellant would have the court inject into the contract, and which, if injected, would render a contract, which as made is valid, void under the Statute of Frauds. We find here no manifest equity to enforce and no unequivocal acts of the parties which indicate that this promise would have been included in the contract if attention had been called to it.

The finding of the surrogate should be modified by adding the words: "by depositing said moneys in the Merchants' National Bank of Plattsburgh in the name of Harold A. Robinson," and as so modified the decree of the surrogate should be affirmed, with costs.

All concur, except HINMAN, J., dissenting, with an opinion, in which COCHRANE, P. J., concurs.

HINMAN, J. (dissenting):

I think the respondent proved a meritorious claim under a contract supported by a good consideration. The Statute of Frauds has been raised, however, and seems to be a bar to the enforcement of the agreement. If the oral agreement, by its terms, was not to be performed by either party within one year, it was void under the Statute of Frauds. It is clear that Mrs. Hayes agreed to perform her part in advance by setting aside in the name of claimant $3,000 "which the parties then estimated to be the sum sufficient to defray all of his necessary expenses during the said course," which was a course of study of two years. The surrogate has found that this was her agreement. It has also been alleged by the claimant in his claim and found by the surrogate upon clear proof, that the claimant was to "enter said institution for a course of study of two (2) years." It must have been the intention of the parties, by necessary implication, that claimant

was to pursue his studies in good faith for the full two-year period as a part of the contract, because the measure of the sum given to him was his estimated expenses for that period. Good faith and fair dealing could not have required less of him. Of course, death or incapacity on his part might have reduced the period of actual study to less than one year and without a breach of contract on his part. This would arise, not as an implied term of the contract, but by operation of law. His agreement to pursue his studies in good faith for the two-year course was personal in character. Performance by him personally was of the essence of the contract. In the case of such a personal contract, death or incapacity excuses performance. (*Spalding* v. *Rosa,* 71 N. Y. 40.) The law operates in such a case to relieve from performance. It does not operate to supply one of the terms of the agreement.

For these reasons I am convinced that the decree should be reversed and the claim dismissed, on the ground that the agreement was void under the Statute of Frauds and cannot be enforced.

COCHRANE, P. J., concurs.

Decree modified by adding thereto, after the words " at his disposal and under his control," the words " by depositing said moneys in the Merchants' National Bank of Plattsburgh in the name of Harold A. Robinson," and as so modified affirmed, with costs payable out of the estate.