Isidore Shapiro, Respondent, v. Louis Balaban, Appellant.

First Department, June 6, 1924.

**Unfair competition — action to restrain defendant from conducting hand laundry business within five city blocks of plaintiff's place of business — restrictive covenant was in bill of sale by defendant's wife to plaintiff — defendant is not subject to restriction — alleged oral agreement by defendant not shown — oral agreement would have been void under Statute of Frauds — injunction pendente lite denied.**

An injunction *pendente lite* will be denied in an action to restrain the defendant from conducting a hand laundry business within five city blocks of plaintiff's place of business, where it appears that the plaintiff bought his business from the defendant's wife who executed a bill of sale containing a restrictive covenant against her entering into the same business within five city blocks for a period of two years, that the defendant was not mentioned or referred to in the bill of sale, and that the only basis for plaintiff's cause of action is an allegation that the defendant was the actual owner of the business, which he was operating through the agency of his wife for the purpose, known to the plaintiff, of preventing his creditors from reaching the business.

The alleged oral agreement on the part of defendant restricting him from entering into competitive business was not shown, and furthermore, if it had been shown, it would have been void under the Statute of Frauds.

Appeal by the defendant, Louis Balaban, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 1st day of April, 1924, granting plaintiff's motion to continue an injunction *pendente lite* contained in an order to show cause dated March 31, 1924, restraining the defendant, pending the trial of the action, from in any manner maintaining or conducting, directly or indirectly, a hand laundry store business within a radius of five square blocks from the plaintiff's premises, No. 207 East Fifty-eighth street, borough of Manhattan, city of New York.

*Jacob M. Mandelbaum* [*Morse S. Hirsch* of counsel], for the appellant.

*Benjamin Levine* [*Max Schwebel* of counsel], for the respondent.

Martin, J.:

The complaint alleges that on the 18th day of May, 1922, the parties, defendant acting through his wife as his agent and representative, purchased, as copartners, a certain hand laundry business conducted in a store at No. 207 East Fifty-eighth street, and that they continued the business at that place, as copartners, up to the 3d day of February, 1923; that on said date the defendant, acting through his wife, sold his one-half interest in the business to the

plaintiff for the sum of $3,500, and that the defendant caused his wife to sign a bill of sale of such interest. Plaintiff then sets forth that the bill of sale contained a covenant made by defendant, through his wife, that defendant would not engage in a similar business within a radius of five blocks from said store; that in violation of the said covenant and agreement, made between the plaintiff and the defendant, the defendant opened a business of the same kind within a radius of five square blocks from said store and on the same block therewith, and did compete and does compete with the plaintiff in violation of the agreement.

The complaint further alleges that in violation of the restrictive agreement, the defendant leased premises No. 222 East Fifty-eighth street, Borough of Manhattan, which is near the plaintiff's place of business; that since the 8th day of March, 1924, the defendant has been personally in the store at the above address, and has sent out an employee to solicit trade in the neighborhood. Plaintiff then asks for a permanent injunction against the defendant restraining him from conducting a hand laundry business within five square blocks from premises No. 207 East Fifty-eighth street, borough of Manhattan, city of New York.

Plaintiff appears to rely on an alleged oral agreement not to compete made by defendant and on a written agreement made, not by defendant, but by Esther Balaban, the wife of defendant. The defendant asserts that the allegations of the complaint are false; that no covenant to refrain from competition was ever made by him. The opposing affidavits assert that Esther Balaban for many years prior to her decease had been engaged in the hand laundry business in her own name. Ten years before any transaction between her and plaintiff, she bought a hand laundry on One Hundred and Sixteenth street. Her transactions with plaintiff commenced in 1922. In May of that year Henry Sobel sold the laundry now conducted by plaintiff to Esther Balaban and plaintiff jointly. This transaction was consummated by a bill of sale from Sobel to Esther Balaban and plaintiff. They continued to conduct that business until the month of February, 1923. Esther Balaban then became ill and subsequently died.

During her illness, defendant at times assisted in the work incidental to the business. On February 3, 1923, defendant's wife and plaintiff dissolved their partnership, and by a bill of sale in writing she conveyed to plaintiff her interest in the business. Simultaneously with such conveyance, she covenanted in writing not to engage in the same kind of business for two years within a radius of five square blocks. With plaintiff's knowledge and approval, at that time, she made an affidavit of title wherein she averred

" that she is the sole and absolute owner of the property described in said bill of sale and has full right to transfer and sell the same."

Defendant Louis Balaban is neither mentioned nor referred to in the bill of sale, covenant or affidavit of title. The proceeds of the sale to plaintiff were deposited to the account of Esther Balaban in the State Bank. These moneys appear to have been used by her as her sole and exclusive property up to the time of her decease. It was not until after her death and until about one year after she had sold her interest in the laundry business that the defendant opened a similar business within the said radius of five square blocks.

All the transactions of plaintiff in connection with the purchase and sale of the laundry appear to have been with the defendant's wife, and not with him. The restrictive agreement is not shown to be his. In this respect the allegations of the complaint are not sustained by the evidence presented on this motion.

The affidavit of plaintiff would not warrant the intervention of a court of equity. He says: " Your deponent further states that at the time this arrangement was entered into on May 18th, 1922, Louis Balaban was unable to use his own name because there were judgments outstanding against him and for that reason his wife's name was used in the bill of sale; however, she in nowise contributed any share of the money into the business and at no time from the 18th day of May, 1922, to the 5th day of February, 1923, when he sold his share of the business did his wife Esther Balaban have anything to do in the business."

He contends that the defendant was represented by his wife who acted as defendant's dummy during the period she was associated with plaintiff. If that be true, he appears materially to have assisted the defendant in deceiving his creditors, by making it appear that defendant's wife owned the business. From this viewpoint his position is not such as to appeal to this court.

The evidence presented did not warrant the granting of the motion against defendant on the theory that the covenant in the bill of sale was binding on defendant.

The alleged oral agreement appears to be as wholly unfounded as the alleged written agreement. Furthermore, such an agreement would have been void by virtue of the Statute of Frauds (Pers. Prop. Law, § 31).

In *McGirr* v. *Campbell* (71 App. Div. 83) it was said: " This contract was that the defendant would not again enter into or carry on the business of gathering, shipping or selling manure for a period of twenty-seven months. It was an entire contract covering the

period. Its performance required the defendant not to act for twenty-seven months, and thus by its terms it was not to be performed within one year. This agreement is analogous to a contract for an employment which was to continue for a longer period than one year; and such agreements have always been held to be within the statute."

This motion should not have been granted. The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., MERRELL, FINCH and McAVOY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.